UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FABIANO B. PINTO,

      Plaintiff,

v.                                    Case No. 2:19-cv-551-FtM-60MRM

COLLIER COUNTY, et al.,

      Defendants.

_____/

### ORDER GRANTING, IN PART, DEFENDANTS' MOTIONS TO DISMISS

This matter is before the Court on several motions to dismiss:

    (1) Defendant Collier County's Motion to Dismiss
        Plaintiff's Complaint and Supporting Memorandum of
        Law (Doc. # 59);

    (2) Defendants Byers, Campolo, Dillman, Maholtz,
        Mulholland, Pisano, and Thoman's Motion to Dismiss
        Plaintiff's Complaint and Supporting Memorandum of
        Law (Doc. # 60);

    (3) Defendant Kevin Rambosk's Motion to Dismiss
        Plaintiff's Complaint and Supporting Memorandum of
        Law (Doc. # 61); and

    (4) Defendant Matthew Kinney's Motion to Dismiss (Doc.
        # 67).

Plaintiff Fabiano B. Pinto filed responses in opposition to each of the motions. (Doc.

## 68, 69, 70, 82). Defendants Collier County and Sheriff Kevin Rambosk each filed

replies to the respective responses in opposition. (Doc. ## 80, 81). After reviewing

the motions, responses, replies, court file, and the record, the Court finds as follows:

**<u>Legal Standard</u>**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**<u>Analysis</u>**

***Shotgun Pleading***

A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See*

*Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th

Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun

pleadings:

> (1)    Complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;
>
> (2)    Complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;
>
> (3)    Complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and
>
> (4)    Complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir.

2015). A district court must generally permit a plaintiff at least one opportunity to

amend a shotgun complaint's deficiencies before dismissing the complaint with

prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Plaintiff's complaint contains counts that reallege all prior claims before it,

committing the "mortal sin" described in prong one of *Weiland.* 792 F.3d at 1322-

23. More specifically, counts two through fifteen incorporate all preceding

paragraphs, thereby incorporating all prior claims. This constitutes a shotgun

pleading. This defect alone would result in the Court's dismissal of the complaint.

Furthermore, some of the counts improperly mix several different causes of action and/or claims for relief. For instance, Count XII sets forth what appears to be two different claims – a conspiracy to interfere with civil rights and a failure to prevent conspiracy – under three different federal statutes. Count XIV consists of four separate causes of action – negligent hiring, negligent training, negligent retention, and negligent supervision. Plaintiff additionally improperly lumps multiple constitutional violations into Count XV, where he alleges a 1983 violation based on unofficial customs that caused Plaintiff to be deprived of his constitutional right to (1) engage in free speech; (2) be afforded equal protection of the law; and (3) be free from illegal or unreasonable searches and seizures, including the use of excessive force. Additionally, in this count, Plaintiff appears to allege negligent hiring, negligent training, negligent retention, and negligent supervision. This improper mixing of claims makes it difficult for Defendants to respond accordingly and present defenses, and for the Court to appropriately adjudicate this case. In any amended complaint, Plaintiff should separate his causes of action and constitutional claims into separate counts.

### *The Capacity in Which Plaintiff Sues Defendants in Counts XI and XII is Unclear.*

Generally, "plaintiffs have a duty to make plain who they are suing and to do so well before trial." *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1047 (11th Cir. 2008) (internal quotation omitted). In § 1983 cases, a plaintiff should "state explicitly in what capacity defendants are being sued[.]" *Id.* (internal quotation omitted). "The main concern of a court in determining whether a plaintiff

is suing defendants in their official or individual capacity is to ensure the defendants in question receive sufficient notice with respect to the capacity in which they are being sued." *Id.* Typically, a plaintiff gives notice by expressly stating in the complaint whether a defendant is being sued in his individual or official capacity.

In Counts XI and XII, Plaintiff fails to specify in what capacity he sues each of the named defendants (i.e., in their official or individual capacities, or both). *This distinction is important in § 1983 cases since official capacity claims are substantively different than individual capacity claims.* These differences are crucial to the Defendants' ability to identify and properly respond to the claims and assert meritorious defenses, as well as the Court's ability to appropriately adjudicate the case. Because the Court is granting Plaintiff the opportunity to amend his complaint, any amended complaint should specifically delineate in which capacity Plaintiff is suing each of the defendants in each count.

### Claims Against Kevin Rambosk in his Individual Capacity

Sheriff Rambosk argues that Plaintiff failed to plead that he, as an individual, had any personal involvement in the alleged constitutional violation. Sheriff Rambosk further alleges that the doctrine of *respondeat superior* does not apply in 1983 cases to hold him individually liable for his employees' alleged actions and conduct.

The Eleventh Circuit has explained that in order to hold a sheriff personally liable for the constitutional violations of his deputies, a plaintiff must plead and

prove that the sheriff was "personally involved in acts or omissions that resulted in the constitutional deprivation." *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). "Assertions of vicarious liability are not sufficient to properly allege personal involvement." *Ogilvie v. Collier Cty. Sheriff's Office*, 2014 WL 5243345, at *4 (M.D. Fla. Oct. 15, 2014) (citing *Hartley*, 193 F.3d at 1269)).

In the complaint, Plaintiff alleges a constitutional deprivation based on his false arrest and the use of excessive force by several deputies of the Collier County Sheriff's Office. Plaintiff does not allege or argue that Sheriff Rambosk was present during the arrest or use of excessive force, nor does he allege that Sheriff Rambosk himself used excessive force. Because Plaintiff does not allege personal involvement, he "must allege a causal connection between the action and the violation." *Id*. at *5. In the complaint, although Plaintiff alleges that the violation of his rights was caused by a custom, policy, or official act of Sheriff Rambosk, this is not sufficient to confer individual liability on Sheriff Rambosk because it only alleges a mere association between a purported policy of Sheriff Rambosk and a constitutional violation. *See id*. Because there is a possibility that Plaintiff may be able to correct these pleading defects and state a claim for relief, the Court dismisses without prejudice the counts against Sheriff Rambosk in his individual capacity.

*Claims Against Jay Mulholland in his Individual Capacity*

It appears that Plaintiff brings several claims against Defendant Jay Mulholland – Count VI (malicious prosecution), Count XIII (abuse of process), Count X (Florida Civil Rights Act), Count XII (§ 1983 conspiracy and failure to prevent conspiracy), and Count XIV (negligent hiring, training, retention, and supervision).

In order to maintain a § 1983 claim against a person in his or her individual capacity, there must be some allegation and proof that the person as an individual actually took some action to violate the plaintiff's constitutional rights. *See Kentucky v. Graham*, 473 U.S. 159, 163-67 (1985). A defendant cannot be held personally liable under § 1983 for the acts of his subordinates on the basis of *respondeat superior*.

Here, despite a bare and conclusory allegation that Mulholland, as a supervisor, authorized and approved of Plaintiff's arrest, there are no specific factual allegations that Mulholland actively participated in the events leading to Plaintiff's arrest. For instance, Mulholland is named as a Defendant in Count XII, which alleges a conspiracy to interfere with civil rights and a failure to prevent conspiracy. However, there are no specific factual allegations as to how Mulholland participated in the conspiracy or failed to prevent the conspiracy. Furthermore, in Count XIV, which alleges negligent hiring, training, retention, and supervision claims against Mulholland, there are no specific factual allegations as to how Mulholland was involved in the hiring, training, retention, or supervision of the

deputies.  Because there is a possibility that Defendant could allege sufficient allegations to support these claims against Mulholland, these claims are dismissed without prejudice.

***Claims Against Deputies in their Official Capacities***

The deputy defendants argue that the official capacity claims against them are duplicative of the official capacity claims against Sheriff Rambosk in his official capacity and should be dismissed.  The Court agrees.  Here, Collier County and Sheriff Rambosk in his official capacity have been named as § 1983 defendants.  Consequently, the official capacity claims against the deputies are duplicative of the claims against Sheriff Rambosk in his official capacity and/or the County, which serves no proper purpose and may confuse a jury.  *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *C.P. by and through Perez v. Collier County*, 145 F. Supp. 3d 1085, 1091 (M.D. Fla. 2015).  Consequently, the claims against Defendants Kinney, Campolo, Dillman, Maholtz, Pisano, Thoman, Mulholland, and Byers in their official capacities are dismissed without prejudice.

***Malicious Prosecution***

In Count VII, Plaintiff asserts a malicious prosecution claim under Florida law against all Defendants, each in their individual and official capacities.  Under Florida law, malice is a required element in a malicious prosecution claim.  *See C.P. by and through Perez*, 145 F. Supp. 3d at 1094.  "Because there can be no claim for malicious prosecution without a showing of malice, and because Fla. Stat. § 768.28(9)(a) bars claims against the entity or officials acting in their official

capacities for conduct committed with malice, Florida law is also clear that there can be no claim for malicious prosecution against state agencies or subdivisions." *See C.P. by and through Perez*, 145 F. Supp. 3d at 1094. Consequently, Plaintiff's state law claims for malicious prosecution against the individually-named defendants in their official capacities are dismissed. Additionally, the state law claim for malicious prosecution against the County is dismissed. The only claims that survive the motion to dismiss are the state law claims for malicious prosecution against the individually-named defendants in their individual capacities.

### *Count XV - Monell Claim*

In Count XV, Plaintiff alleges that the County and Sheriff Rambosk have maintained policies, customs, or practices that cause Plaintiff to be deprived of his constitutional rights to: (1) engage in protected speech; (2) be afforded the equal protection of the laws; and (3) be free from illegal or unreasonable searches and seizures. The Court previously explained that these allegations, with the combination of alleged constitutional violations, constitutes a shotgun pleading. However, the Court further addresses this claim's pleading deficiencies.

The County and Sheriff Rambosk contend that Plaintiff has failed to sufficiently plead a § 1983 claim, citing to *Monell v. New York City Dept of Social Servs.*, 436 U.S. 658 (1978). Under *Monell*, "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief . . . pursuant to a governmental 'custom' even though such a custom has not received formal

approval through the body's official decisionmaking channels." *Id. at* 690. A

municipality can only be held liable, however, where "action pursuant to official

municipal policy of some nature caused a constitutional tort." *Id.* To put it plainly,

a municipality cannot be liable under § 1983 on a *respondeat superior* theory solely

because it employs a tortfeasor. *Id.*

"Supervisor liability arises only 'when the supervisor personally participates

in the alleged constitutional violation or when there is a causal connection between

the actions of the supervising official and the alleged constitutional deprivation.'"

*Gross v. Jones*, No. 3:18-cv-594-J-39PDB, 2018 WL 2416236, at \*4 (M.D. Fla. May

29, 2018) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007)).

Consequently, "to impose § 1983 liability on a local government body, a plaintiff

must show: (1) that his constitutional rights were violated; (2) that the entity had a

custom or policy that constituted deliberate indifference to that constitutional right;

and (3) that the policy or custom caused the violation." *Scott v. Miami-Dade*

*County*, No. 13-CIV-23013-GAYLES, 2016 WL 9446132, at \*3 (S.D. Fla. Dec. 13,

2016).

To demonstrate a policy or custom, "it is generally necessary to show a

persistent and wide-spread practice; random acts or isolated incidents are

insufficient." *Id.* at \*4. The requisite causal connection can be established "when a

history of widespread abuse puts the responsible supervisor on notice of the need to

correct the alleged deprivation, and he fails to do so." *Cottone v. Jenne*, 326 F.3d

1352, 1360 (11th Cir. 2003) (internal quotation omitted). "Alternatively, the causal

connection may be established when a supervisor's custom or policy results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew the subordinates would act unlawfully and failed to stop them from doing so. *Id.* (internal quotation and citation omitted). Significantly, "the Eleventh Circuit has repeatedly held that without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train or supervise." *Scott*, 2016 WL 9446132, at *4.

Upon review, the Court finds that Plaintiff does not sufficiently allege that the constitutional violation was caused by the customs, policies, or procedures of the County or Sheriff. It appears that Plaintiff alleges that the custom or policy at issue is the inadequate hiring/training/retention/supervision of certain deputies. However, Plaintiff only recounts his own alleged incident and offers no other facts that would support an inference that the County or Sheriff had an official policy or widespread custom that caused Plaintiff's injuries. *See Campbell v. City of Jacksonville*, No. 3:17-cv-914-J-34JRK, 2018 WL 1463352, at *16 (M.D. Fla. Mar. 23, 2018) (dismissing § 1983 claim after concluding that the plaintiff failed to identify any actual policies of the defendant, and in describing only the single incident, failed to offer any facts supporting the existence of a widespread custom); *Cooper v. City of Starke, Fla.* No. 3:10-CV-280-J-34MCR, 2011 WL 1100142, at *8 (M.D. Fla. Mar. 23, 2011) (dismissing § 1983 claim after concluding that "boilerplate and conclusory allegations of municipal policy or practice – devoid of factual

development – are insufficient to state a § 1983 claim" where the plaintiffs failed to identify any actual policies or decision makers and failed to offer any facts to support the existence of a widespread custom, and instead only described the single incident involving plaintiffs); *Reyes v. City of Miami Beach*, No. 07-22680-CIV, 2007 WL 419906, at *6 (S.D. Fla. Nov. 26, 2007) (acknowledging that although it is generally true that there is no heightened pleading standard for §1983 claims against municipalities, plaintiffs still must offer factual allegations that the municipality had an official policy or widespread custom that was directly responsible for their injuries in order to raise a claim above the speculative level).

Plaintiff attempts to extrapolate a municipal policy, custom, and practice out of a single incident of alleged misconduct. However, a custom "cannot be derived from a single incident of wrongdoing." *Campbell*, 2018 WL 1463352, at *15. The Supreme Court, in dictum, has acknowledged the possibility that a need to train or supervise "could be so obvious that a [municipality] could be held liable even without a pattern of prior constitutional violations." *Id.* (citing to *Gold v. City of Miami*, 151 F.3d 1346, 1352 (11th Cir. 1998)). However, Plaintiff's allegations here are "insufficient to fall within the narrow exception arguably left open in *City of Canton* for cases involving only a single incident of misconduct." *See id.*

Although Plaintiff is not required to plead his § 1983 claim with heightened particularity, he is required to plead sufficient facts that show he is entitled to relief. Plaintiff has failed to do so here. In an amended complaint, in addition to appropriately separating his claims, Plaintiff should set forth sufficient allegations

that would support a § 1983 claim based on a custom, policy, or practice of the municipal defendants.

## Conclusion

Consequently, the Court dismisses the complaint and directs Plaintiff to file an amended complaint correcting the aforementioned deficiencies within the timeframe specified below. Because it will be necessary for Plaintiff to file an amended complaint to correct pleading defects, the Court need not address Defendant's substantive arguments that several of Plaintiff's causes of action are legally barred. *See Shaffer v. Bank of N.Y. Mellon & Shellpoint LLC*, No. 8:17-cv-565-T-33AAS, 2017 WL 1653789, at *1 (M.D. Fla. May 2, 2017) ("As the Court has determined that repleader is necessary, the Court declines to address Defendants' argument that all counts fail to state claims upon which relief can be granted."). Defendants are not precluded from raising these arguments, such as qualified immunity and sovereign immunity, in a future motion to dismiss following the filing of the amended complaint.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant Collier County's Motion to Dismiss Plaintiff's Complaint and Supporting Memorandum of Law (Doc. # 59) is granted in part;

(2) Defendants Byers, Campolo, Dillman, Maholtz, Mulholland, Pisano, and Thoman's Motion to Dismiss Plaintiff's Complaint and Supporting Memorandum of Law (Doc. # 60) is granted in part;

(3) Defendant Kevin Rambosk's Motion to Dismiss Plaintiff's Complaint and Supporting Memorandum of Law (Doc. # 61) is granted in part; and

(4) Defendant Matthew Kinney's Motion to Dismiss (Doc. # 67) is granted in part.

(5) Plaintiff's complaint (Doc. # 1) is dismissed without prejudice. Plaintiff is directed to file an amended complaint to correct the pleading deficiencies identified in this Order on or before November 19, 2019.

**DONE** and **ORDERED** in Chambers, in Ft. Myers, Florida this 5th day of November, 2019.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**