**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

FABIANO B. PINTO,

      Plaintiff,

v.                                Case No. 2:19-cv-551-FtM-60MRM

COLLIER COUNTY, et al.,

      Defendants.

_____/

## ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTIONS TO DISMISS

This matter is before the Court on the following motions to dismiss:

    (1) "Defendant Matthew Kinney's Motion to Dismiss" (Doc. 92);

    (2) "Defendant SLR Naples Corporation, Stergio Tallides and Jason Buro's Motion to Dismiss Plaintiff's Amended Complaint and Supporting Memorandum of Law" (Doc. 93);

    (3) "Defendant Sheriff's Motion to Dismiss Plaintiff's Amended Complaint and Supporting Memorandum of Law" (Doc. 94);

    (4) "Defendants Byers, Campolo, Dillman, Maholtz, Mulholland, Pisano, and Thoman's Motion to Dismiss Plaintiff's Amended Complaint and Supporting Memorandum of Law" (Doc. 95); and

    (5) "Defendant County's Motion to Dismiss Plaintiff's Amended Complaint and Supporting Memorandum of Law" (Doc. 96).

Plaintiff Fabiano B. Pinto filed responses in opposition to each of the motions.

(Docs. 97, 98, 99, 100, and 101).  The Court held a hearing to address this matter on

February 10, 2020.  (Doc. 106).  After reviewing the motions, responses, legal

arguments, court file, and the record, the Court finds as follows:

**Background**[1]

On December 17, 2017, Pinto was near the entrance to Cavo Lounge in

Naples, Florida, where he was attempting to notify his relatives and friends that he

had procured a table at a nearby restaurant.  As he was waving, Defendant Buro

walked toward Pinto and forcefully struck his hand; he claimed that Pinto's hand

ventured too close to his own hand.  Buro began to insult and yell profanities as

Pinto walked away.

Within one minute of Buro striking Pinto's hand, and immediately after Pinto

began to walk away from Buro, Defendant Kinney approached Pinto.  Kinney –

without identifying himself as a law enforcement officer – proceeded to strike or

shove Pinto's arm and shoulder, which caused Pinto stumble into his sister-in-law.

After being struck, Pinto involuntarily or reactively raised his right arm, making

slight and incidental contact with Kinney's bulletproof vest.  Pinto began to

apologize, but Kinney rushed toward Pinto, grabbed his left arm, twisted it behind

his back, and pushed him while applying pressure to his left arm.  At the same

time, Defendant Campolo grabbed Pinto's right arm, twisting it behind his back.

---

[1] The Court accepts as true the facts alleged in Pinto's amended complaint for purposes of ruling on the pending motions to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").  The Court is not required to accept as true any legal conclusions couched as factual allegations.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Kinney began to yell for Pinto to "stop resisting," although Pinto was not resisting the actions.

Kinney and Campolo maneuvered Pinto toward a law enforcement vehicle while still applying pressure to Pinto's arms behind his back.  At the vehicle, Kinney and Campolo pinned Pinto face first against the vehicle and handcuffed him in a tight fashion.  Prior to, during, and subsequent to the handcuffing, Kinney repeatedly slammed Pinto's face and head into the vehicle.  Kinney and Campolo then placed Kinney into the vehicle, and Campolo transported him to Naples Jail Center.  Pinto complained to Campolo more than fifteen times about the tight handcuffs but was ignored.  The handcuffs were removed after approximately one hour.

Following his arrest, Pinto alleges that Defendants knowingly gave false statements or testimony and engaged in the suppression of exculpatory evidence so that he would be prosecuted.  Approximately ten months later, on October 4, 2018, a notice of *nolle prosequi* was filed with the state court, resulting in a termination of the criminal action against Pinto.

On August 6, 2019, Pinto filed the instant action, suing thirteen different persons or entities for various alleged violations of his civil rights.  The Court previously dismissed the original complaint due to numerous pleading deficiencies and directed Pinto to file an amended complaint.  (Doc. 84).  Pinto filed his amended complaint on November 19, 2019.  (Doc. 86).

On December 2, 2019, Defendant Matthew Kinney filed his motion to dismiss.  (Doc. 92).  On the same day, Defendants Jason Buro, SLR Naples Corporation ("SLR"), and Stergios Tallides (collectively, the "Bar Defendants") filed a joint motion to dismiss.  (Doc. 93).  On December 3, 2020, Defendant Sheriff Kevin J. Rambosk filed his motion to dismiss.  (Doc. 94).  Defendants Deputy Sheriffs James Byers, Joshua Campolo, Adam J. Dillman, Steve Maholtz, Jay Mulholland, Frank C. Pisano, Jr., and Becki A. Thoman (collectively, the "Deputy Defendants") filed a joint motion to dismiss.  (Doc. 95).  Defendant Collier County also filed its motion to dismiss.  (Doc. 96).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).  "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'"  *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint.  *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233

(M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## Analysis

### General Shotgun Pleading Arguments

In several of the pending motions to dismiss, Defendants argue that the amended complaint should be dismissed in its entirety due to shotgun pleading issues.  Although the Court declines to dismiss the amended complaint in its entirety on this basis, it will address these concerns as it analyzes the different counts of the amended complaint.

### Count II (False Arrest and False Imprisonment under Florida Law against Defendants SLR, Buro, Tallides, Kinney, and Campolo, in their Individual and Official Capacities)

#### Shotgun Pleading

A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1)    Complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2)     Complaints that do not commit the mortal sin of re-alleging all
        preceding counts but are guilty of the venial sin of being replete
        with conclusory, vague, and immaterial facts not obviously
        connected to any particular cause of action;

(3)     Complaints that commit the sin of not separating into a different
        count each cause of action or claim for relief; and

(4)     Complaints that assert multiple claims against multiple
        defendants without specifying which of the defendants are
        responsible for which actions or omissions, or which of the
        defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir.

2015).  A district court must generally permit a plaintiff at least one opportunity to

amend a shotgun complaint's deficiencies before dismissing the complaint with

prejudice.  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Count II of Pinto's amended complaint improperly mixes different causes of

action by containing distinct claims for false arrest and false imprisonment under

Florida law.  As such, the Court finds that Count II constitutes a shotgun pleading

and dismisses it without prejudice, with leave to amend.  In his second amended

complaint, Pinto is directed to separate these distinct causes of action into separate

counts.

Claims Against Kinney and Campolo in their Official Capacities

Kinney and Campolo argue that the official capacity claims against them are

duplicative of the official capacity claims against Sheriff Rambosk in his official

capacity and should be dismissed.  The Court agrees.  Here, Collier County and

Sheriff Rambosk in his official capacity have been named as Defendants.

Consequently, the official capacity claims against the deputies are duplicative of the claims against Sheriff Rambosk in his official capacity and/or the County, which serves no proper purpose and may confuse a jury. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *C.P. by and through Perez v. Collier Cty.*, 145 F. Supp. 3d 1085, 1091 (M.D. Fla. 2015). Consequently, the claims against Defendants Kinney and Campolo in their official capacities are dismissed.

    Claims against the Bar Defendants

    In their motion to dismiss, the Bar Defendants argue that because the only facts alleged in Count II are communication of information to law enforcement, Pinto is unable to state a claim upon which relief can be granted. The Court agrees. According to the allegations of the amended complaint, Buro told the officer that Pinto had accidentally gestured his hand in Buro's face, and that one of the officers pushed Pinto. *See* (Doc. 86 at ¶¶ 58-59). Even accepting these facts as true, and construing in light most favorable to Pinto, these facts could not be used to support his arrest.

    Furthermore, even if the information provided by Buro could be considered incriminating, it would not support liability for false arrest or false imprisonment. Under Florida law, when a citizen provides information to law enforcement, without more, such action does not constitute false arrest or false imprisonment. *Harder v. Edwards*, 174 So. 3d 524, 530 (Fla. 4th DCA 2015); *see also Pokorny v. First Federal Savings & Loan Ass'n of Largo*, 382 So. 2d 678, 682 (Fla. 1980) (holding that when a citizen provides information to law enforcement officers, without more, such action

does not constitute false imprisonment); *Harris v. Kearney,* 786 So. 2d 1222, 1225 (Fla. 4th DCA 2001) (explaining that providing information to the authorities that a crime occurred is not sufficient to support an action for false arrest).

At the hearing, the Court specifically inquired as to whether Pinto has any additional conduct that could be considered, such as an example of the Bar Defendants persuading or influencing law enforcement officers to arrest him or otherwise requesting his detention.  Counsel was not able to provide any such example.  Additionally, it is clear from the allegations of the amended complaint that the Bar Defendants did not arrest or imprison Pinto.  The basis for Pinto's arrest was his alleged physical contact with Kinney and resistance to law enforcement.  Consequently, the Court finds that Pinto does not and cannot state a claim for false arrest and false imprisonment against the Bar Defendants, and it dismisses with prejudice this portion of Count II.

### Count III (False Arrest and False Imprisonment under 42 U.S.C. § 1983 against Defendants Kinney, and Campolo, in their Individual Capacities)

<u>Shotgun Pleading</u>

Count III of Pinto's amended complaint improperly mixes different causes of action by containing distinct claims for false arrest and false imprisonment under § 1983.  As such, the Court dismisses Count III without prejudice, with leave to amend.  In his second amended complaint, Pinto is directed to separate these distinct causes of action into separate counts.

***Count IV (Assault and Battery under Florida Law against Defendants SLR,
Buro, Tallides, Kinney, and Campolo, in their Individual and Official
Capacities)***

<u>Shotgun Pleading</u>

Count IV of Pinto's amended complaint improperly mixes different causes of
action by containing distinct claims for assault and battery under Florida law.  As
such, the Court dismisses Count IV without prejudice, with leave to amend.  In his
second amended complaint, Pinto is directed to separate these distinct causes of
action into separate counts.

<u>Claims Against Kinney and Campolo in their Official Capacities</u>

Kinney and Campolo argue that the official capacity claims against them are
duplicative of the official capacity claims against Sheriff Rambosk in his official
capacity and should be dismissed.  The Court agrees for the reasons previously
discussed in its analysis of Count II.  Consequently, the claims against Defendants
Kinney and Campolo in their official capacities are dismissed.

***Count VI (Malicious Prosecution under Florida Law against All
Individually Named Defendants, in their Individual Capacities, and SLR)***

<u>Claim Against Sheriff Rambosk in his Individual Capacity</u>

Sheriff Rambosk generally argues that the allegations concerning his
personal involvement are conclusory and insufficient to state an individual capacity
claim against him.  The Eleventh Circuit has explained that to hold a sheriff
personally liable for the constitutional violations of his deputies, a plaintiff must
plead and prove that the sheriff was "personally involved in acts or omissions that

resulted in the constitutional deprivation." *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).

In his amended complaint, Pinto alleges a constitutional deprivation based on his false arrest and the use of excessive force by several deputies of the Collier County Sheriff's Office. Pinto alleges that Sheriff Rambosk reviewed the evidence or lack thereof and nonetheless decided to approve or authorize Pinto's continued imprisonment, and that he only forwarded inculpatory evidence to prosecutors. These allegations, which the Court must accept as true for purposes of this motion, are sufficient to state an individual capacity claim against Sheriff Rambosk. As such, the Court finds that Pinto has sufficiently pleaded an individual capacity claim against Sheriff Rambosk, and the motion to dismiss is denied as to this ground.

<u>Claims Against the Bar Defendants</u>

The Bar Defendants argue that Pinto has failed to state a claim upon which relief can be granted because he has not made any allegations as to how they were the legal cause of the proceedings or acted with malice. Under Florida law, the elements of the tort of malicious prosecution are: "(1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the

plaintiff suffered damages as a result of the original proceeding." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004).

In the amended complaint, Pinto alleges that the prosecutor filed a criminal information against him predicated on "the false, misleading, or incomplete information forwarded by defendants, including . . . Buro, namely that Mr. Pinto intentionally struck Defendant Kinney against his will or intentionally caused bodily harm to Defendant Kinney, while he was engaged in the lawful performance of his duties as a law enforcement officer; and that Mr. Pinto, while intoxicated, endangered the safety of another person or property, or caused a public disturbance in a public place or upon a public conveyance." *See* (Doc. 86 at ¶ 100).  Pinto also alleges that Buro was one of the legal causes of the original judicial proceeding because he forwarded "spurious information to prosecutors, caused false police reports to be filed or offered false statements that wrongly accused [Pinto] of the crimes . . . ." *See* (Doc. 86 at ¶ 187).

There are no allegations as to any information provided by Tallides or SLR that initiated the judicial proceedings against Pinto.  Moreover, the vague and conclusory allegations against Buro appear to be contradicted by other specific allegations of the amended complaint, including that Buro told Kinney that Pinto accidentally gestured his hand and that Buro's statement to law enforcement directly contradicted the sworn statement and testimony of the law enforcement defendants.  *See* (Doc. 86 at ¶¶ 58, 61).  The Court finds that the allegations of the

amended complaint are insufficient to support a malicious prosecution claim against the Bar Defendants.

In addition, the Bar Defendants argue that Pinto has failed to sufficiently plead a claim because although he alleges the Bar Defendants are liable under the doctrines of *respondeat superior* and vicarious liability, he has failed to allege or explain any benefit that the Bar Defendants received by Pinto's arrest, particularly since they were not the alleged victims of the crimes for which Pinto was charged. The Court agrees.  Pinto is required to allege sufficient facts to support these theories of liability, and he has failed to do so.  *See Ruiz v. Aerorep Grp. Corp.*, 941 So. 2d 505, 507 (Fla. 2d DCA 2006).  Therefore, Count VI is dismissed without prejudice as to the Bar Defendants, with leave to amend.

### Count VII (Malicious Prosecution under 42 U.S.C. § 1983 against Kinney, Campolo, Dillman, Maholtz, Pisano, Byers, Thoman, Mulholland, Rambosk, and Buro, in their Individual Capacities)

Claim Against Sheriff Rambosk in his Individual Capacity

Sheriff Rambosk generally argues that the allegations concerning his personal involvement are conclusory and insufficient to state an individual capacity claim against him.  For the reasons previously discussed, these allegations are sufficient to state an individual capacity claim against Sheriff Rambosk, and his motion to dismiss is denied as to this ground.

Claim Against Buro (a Bar Defendant)

In their motion to dismiss, the Bar Defendants argue that Pinto is unable to state a claim upon which relief can be granted because they are not state actors.  To

state a § 1983 claim, the plaintiff must allege that the defendant deprived the plaintiff of a constitutional right while acting under the color of state law.  *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  Federal courts have developed three tests to determine whether a private citizen or entity may be considered a state actor subject to § 1983: the public function test; the state compulsion test; and the nexus/joint action test.  *Id.* (citing *NBC, Inc. v. Comm'ns Workers of Am.*, 860 F.2d 1022, 1026 (11th Cir. 1988)).

To survive a motion to dismiss, a § 1983 claim must go beyond conclusory allegations of an improper relationship between a defendant and the government. In this case, the only allegations concerning the relationship between the Bar Defendants and the governmental actors is that compensation was paid by the private parties for security services at the entertainment complex where the Bar Defendants operate a restaurant.  *See* (Doc. 86 at ¶ 101-02).

In *Cahill v. Live Nation*, 512 F. App'x 227 (3d. Cir. 2013), the Third Circuit Court of Appeal examined whether a private entity could be deemed a state actor subject to § 1983 liability for the actions of law enforcement officers while providing traffic and crowd control for events.  The Third Circuit held that the private entity could only be held liable if: (1) the private entity has a pre-arranged plan with the police officers, and (2) under the plan, the police officers will substitute their own judgment with that of the private entity's judgment.  *See id.* at 230.

Although Pinto alleges that there was a pre-arranged plan between the Bar Defendants and the police officers for security services, he does not allege that the

police officers would or did substitute their own judgment with that of the Bar Defendants'.  Pinto further fails to allege any facts to support a claim that the law enforcement officers arrested and prosecuted Pinto based on the direction of the Bar Defendants.  In fact, the allegations of the amended complaint appear to demonstrate that the Bar Defendants did not direct Pinto's arrest or prosecution. *See* (Doc. 86, at ¶ 61) (alleging that Buro's statement to CCSO directly contradicted the sworn statements and testimony of the law enforcement defendants).

In an abundance of caution, the Court will dismiss this claim without prejudice, with leave to amend.  However, Pinto is advised to include specific factual allegations rather than threadbare recitals supported by conclusory statements if he intends to further pursue this claim against the Bar Defendants.

### Count VIII (Abuse of Process under Florida Law against All Individual Defendants, in their Individual and Official Capacities, and SLR)

<u>Claims Against Deputies in their Official Capacities</u>

The Deputy Defendants argue that the official capacity claims against them are duplicative of the official capacity claims against Sheriff Rambosk in his official capacity and should be dismissed.  The Court agrees for the reasons previously discussed in its analysis of Count II.  Consequently, the claims against Defendants Kinney, Campolo, Dillman, Maholtz, Pisano, Thoman, Mulholland, and Byers in their official capacities are dismissed.

<u>Claim Against Sheriff Rambosk in his Individual Capacity</u>

Sheriff Rambosk generally argues that the allegations concerning his personal involvement are conclusory and insufficient to state an individual capacity

claim against him.  For the reasons previously discussed, these allegations are

sufficient to state an individual capacity claim against Sheriff Rambosk, and his

motion to dismiss is denied as to this ground.

### Claims Against Tallides and Buro (Bar Defendants)

In their motion to dismiss, the Bar Defendants argue that Pinto has failed to

state a claim upon which relief can be granted because he failed to allege sufficient

facts supporting an abuse of process claim.  Specifically, the Bar Defendants

contend that "no allegations are made as to what, if any, process was abused, or

when, where and how this was done, or what, if any, actions were taken by

Defendants SLR Naples Corporation, Stergio Tallides and Jason Buro that were not

entitled to immunity under the litigation privilege."

In paragraph 213 of the amended complaint, Pinto alleges that Buro, along

with other Defendants, "made an illegal, improper or perverted use of the criminal

process issued against [Pinto]."  This vague allegation that an undefined process

was abused is insufficient to sustain a claim for abuse of process.  The other facts

alleged as to Buro concern his conveyance of information to law enforcement prior to

Pinto's arrest.  *See* (Doc. 86 at ¶¶ 58-59, 61).  Pinto has failed to identify what

occurred *after* process was issued that could constitute an abuse of process by Buro

or any of the Bar Defendants.  Consequently, Count VIII is dismissed without

prejudice, with leave to amend.

***Count IX (Abuse of Process under 42 U.S.C. § 1983 against Kinney, Campolo, Dillman, Maholtz, Pisano, Rambosk, Mulholland, Byers, and Buro)***

<u>Claim Against Sheriff Rambosk in his Individual Capacity</u>

Sheriff Rambosk generally argues that the allegations concerning his personal involvement are conclusory and insufficient to state an individual capacity claim against him.  For the reasons previously discussed, these allegations are sufficient to state an individual capacity claim against Sheriff Rambosk, and his motion to dismiss is denied as to this ground.

<u>Claim Against Buro (a Bar Defendant)</u>

For the reasons previously discussed in its analysis of Count VIII, the Court finds that Pinto has failed to state a claim for abuse of process against Buro, a Bar Defendant, because he has failed to provide sufficient factual allegations supporting an abuse of process claim.  Consequently, this claim is due to be dismissed against Buro.

Additionally, as the Court previously explained in its analysis of Count VII, Pinto has failed to sufficiently allege that the Bar Defendants are state actors for § 1983 purposes.  In an abundance of caution, the Court will dismiss this claim without prejudice, with leave to amend.  However, Pinto is advised to include specific factual allegations rather than threadbare recitals supported by conclusory statements if he intends to further pursue this claim against the Bar Defendants.

**Count X (Denial of Right to Fair Trial under Florida Law by SLR, Kinney, Campolo, Dillman, Maholtz, Pisano, Byers, Mulholland, Thoman, Rambosk, Tallides, and Buro, in their Individual Capacities)**

In Count X, Pinto asserts a claim for an alleged violation of his right to a fair trial under Florida law.  Upon review, the Court finds that Pinto's right to a fair trial was not implicated where the charges were dismissed.  On October 4, 2018, the Office of the State Attorney filed a notice of nolle prosequi, terminating the criminal action against Pinto.  *See* (Doc. 86 at ¶ 108).  Under Florida law, "the decision to file a nolle prosse is within the sole discretion of the State."  *State v. Kahmke*, 468 So. 2d 284, 285 (Fla. 1st DCA 1985) (citing to *State v. Braden*, 375 So. 2d 49 (Fla. 2d DCA 1979); *State v. Wells*, 277 So. 2d 543 (Fla. 3d DCA 1973)); *see also Barnett v. Antonacci*, 122 So. 3d 400, 405 (Fla. 4th DCA 2013).  Accordingly, Pinto did not receive a trial because the State of Florida, through the Office of the State Attorney for the Twentieth Judicial Circuit, exercised its discretion and dismissed the charges against him; there is no potential claim against the named Defendants.

In addition, it is well-settled that a claim seeking monetary damages cannot be maintained for alleged violations of the Florida Constitution.  *See, e.g., Smith v. Bell*, No. 06-60750, 2008 WL 868253, at *2, 10 (S.D. Fla. Mar. 31, 2008) (holding that "no private cause of action exists under [the] constitutional right to . . . a fair trial."); *Fernez v. Calabrese*, 760 So. 2d 1144, 1146 (Fla. 5th DCA 2000) (explaining that there is no cause of action for money damages for violation of a state constitutional right); *Garcia v. Reyes*, 697 So. 2d 549, 551 (Fla. 4th DCA 1997) (same).  Consequently, Count X is dismissed with prejudice as to all Defendants.

***Count XI (Denial of Right to Fair Trial under 42 U.S.C. § 1983 against Kinney, Campolo, Dillman, Maholtz, Pisano, Thoman, Rambosk, Byers, Buro and Tallides, in their Individual Capacities)***

In Count XI, Pinto asserts a claim for an alleged violation of his Sixth Amendment right to a fair trial under § 1983. As the Court explained in its analysis of Count X, because the Office of the State Attorney is the only entity with the legal authority to prevent a trial, there is no basis for liability as to the named Defendants.

In addition, the Court finds that even assuming all of the facts alleged by Pinto are true, he cannot state a § 1983 claim based on the violation of his right to a fair trial because Defendants are entitled to qualified immunity.

It is clear that all Defendants were performing job-related functions during all relevant times and were therefore acting within their discretionary authority for the purpose of qualified immunity. As such, Pinto must plead facts that demonstrate the violation of a clearly established constitutional right. However, this type of claim (a § 1983 claim based on the denial of a fair trial where no trial occurred) has not been recognized by the United States Supreme Court, the Eleventh Circuit, or the Florida Supreme Court. Consequently, Count XI is dismissed with prejudice.

***Count XII (Deprivation of Rights and Denial of Equal Protection Under Florida Law against SLR and All Individual Defendants, in their Individual and Official Capacities)***

<u>Claims Against Deputies in their Official Capacities</u>

The Deputy Defendants argue that the official capacity claims against them are duplicative of the official capacity claims against Sheriff Rambosk in his official capacity and should be dismissed.  The Court agrees for the reasons previously discussed in its analysis of Count II.  Consequently, the claims against Defendants Kinney, Campolo, Dillman, Maholtz, Pisano, Thoman, Mulholland, and Byers in their official capacities are dismissed.

***Count XIII (Deprivation of Rights and Equal Protection under 42 U.S.C. §§ 1981 and 1983 against Kinney, Campolo, Dillman, Maholtz, Pisano, Mulholland, Rambosk, Byers, Tallides, and Buro)***

<u>Claims Against Deputies in their Official Capacities</u>

The Deputy Defendants argue that the official capacity claims against them are duplicative of the official capacity claims against Sheriff Rambosk in his official capacity and should be dismissed.  The Court agrees for the reasons previously discussed in its analysis of Count II.  Consequently, the claims against Defendants Kinney, Campolo, Dillman, Maholtz, Pisano, Thoman, Mulholland, and Byers in their official capacities are dismissed.

<u>Claim Against Sheriff Rambosk in his Individual Capacity</u>

Sheriff Rambosk generally argues that the allegations concerning his personal involvement are conclusory and insufficient to state an individual capacity claim against him.  For the reasons previously discussed, these allegations are

sufficient to state an individual capacity claim against Sheriff Rambosk, and his motion to dismiss is denied as to this ground.

<u>Claims Against Tallides and Buro (Bar Defendants)</u>

The Bar Defendants argue that these claims should be dismissed because they are not state actors. For the reasons discussed in its analysis of Count VII, the Court agrees. In an abundance of caution, the Court will dismiss this claim without prejudice, with leave to amend. However, Pinto is advised to include specific factual allegations rather than threadbare recitals supported by conclusory statements if he intends to further pursue this claim against the Bar Defendants.

***Count XIV (Conspiracy to Interfere with Civil Rights Under 42 U.S.C. §§ 1983 and 1985 against Kinney, Campolo, Dillman, Maholtz, Pisano, Byers, Thoman, Rambosk, Mulholland, Tallides, and Buro, in their Individual Capacities)***

<u>Claim Against Sheriff Rambosk in his Individual Capacity</u>

Sheriff Rambosk generally argues that the allegations concerning his personal involvement are conclusory and insufficient to state an individual capacity claim against him. For the reasons previously discussed, these allegations are sufficient to state an individual capacity claim against Sheriff Rambosk, and his motion to dismiss is denied as to this ground.

<u>Claims Against Tallides and Buro (Bar Defendants)</u>

The Bar Defendants argue that these claims should be dismissed because they are not state actors. For the reasons discussed in its analysis of Count VII, the Court agrees. In an abundance of caution, the Court will dismiss this claim without prejudice, with leave to amend. However, Pinto is advised to include specific factual

allegations rather than threadbare recitals supported by conclusory statements if

he intends to further pursue this claim against the Bar Defendants.

### Count XV (Failure to Prevent Conspiracy Under 42 U.S.C. §§ 1983 and 1986 Against Kinney, Campolo, Dillman, Maholtz, Pisano, Byers, Thoman, Rambosk, and Mulholland, in their Individual Capacities)

In Count XV, Pinto asserts a failure to prevent a conspiracy claim under §§

1983 and 1986.  However, this is not a recognized cause of action.  *See Steeprow v.*

*Bush*, No. 6:04-cv-1119-Orl-31KRS, 2005 WL 1228285, at *5 (M.D. Fla. May 24,

2005) (finding that failure to prevent a conspiracy to violate civil rights is not

actionable).  As such, Count XV is dismissed with prejudice as to all Defendants.

### Count XVI (Failure to Intervene Under 42 U.S.C. § 1983 Against Kinney, Campolo, Dillman, Maholtz, Pisano, Byers, Thoman, Rambosk, and Mulholland, in their Individual Capacities)

<u>Claims Against Kinney and Deputy Defendants</u>

In Count XVI, Pinto alleges that Kinney failed to intervene to protect him

from Campolo's unconstitutional act(s), including his unlawful arrest.  The Eleventh

Circuit has recognized that an officer who fails to intervene to protect a victim from

another officer's unconstitutional acts can be held liable under § 1983; however, this

type of claim has been limited to cases involving excessive force.  *See, e.g.,*

*Tarantino v. Citrus Cty. Gov't*, No. 5:12-cv-434-Oc-32PRL, 2014 WL 4385550, at *11,

*14 (M.D. Fla. Sept. 4, 2014) (discussing failure to intervene claims under § 1983

and finding that there is no clear constitutional violation when excessive force is not

involved); *Jones v. Cannon*, 174 F.3d 1271, 1286 (11th Cir. 1999) (acknowledging

availability of failure to intervene claims based on excessive force but rejecting their application in other contexts).

To the extent that Pinto alleges that Kinney and the Deputy Defendants failed to intervene to protect him from the use of excessive force, he has stated a claim for relief.  However, to the extent that Pinto alleges that Kinney and the Deputy Defendants failed to prevent the violation of other constitutional rights, he has not and cannot state a claim for relief because he is unable to plead or prove the violation of a clearly established constitutional right.[2] *See Tarantino,* 2014 WL 4385550, at *11, *14; *see also Mehta v. Foskey*, 877 F. Supp. 2d 1367, 1381 (S.D. Ga. 2012); *Exford v. City of Montgomery*, 887 F. Supp. 2d 1210, 1225-26 (M.D. Ala. 2012). As such, the only § 1983 claim that remains is related to the alleged excessive force violation.

<u>Claim Against Sheriff Rambosk in his Individual Capacity</u>

Sheriff Rambosk generally argues that the factual allegations against him are insufficient to state a claim in his individual capacity.  The Court agrees as to the allegations of Count XVI.  According to the allegations of the amended complaint, Sheriff Rambosk was not present at the time that force was used against Pinto.  As such, a claim that Sheriff Rambosk failed to intervene to protect him from the use of Kinney's or Campolo's use of excessive force is implausible.  Because Pinto cannot state a claim for relief as to a failure to prevent the violation of other constitutional rights outside of excessive force, he cannot sustain this claim against

---

[2] In the amended complaint, Pinto alleges that the Defendants who failed to intervene violated his First, Fourth, Sixth, and Fourteenth Amendment Rights.  *See* (Doc. 86 at 43).

Sheriff Rambosk in his individual capacity.  Accordingly, this claim is dismissed with prejudice as to Sheriff Rambosk.

### Count XVII (Negligent Hiring and Retention Under Florida Law against Collier County, Rambosk in his Official Capacity, SLR, Tallides, and Buro)

Claim Against Collier County

In its motion to dismiss, Collier County argues that under the facts alleged, it cannot be held legally responsible for the law enforcement functions of the Sheriff. The Court agrees.  *See L.S. by Hernandez v. Peterson*, 18-cv-61577, 2018 WL 6573124, at *9 (S.D. Fla. Dec. 13, 2018) (explaining that a county cannot be liable for a policy or action of the sheriff where the county has no authority to control the law enforcement functions of the sheriff).  Consequently, Count XVII is dismissed with prejudice as to Collier County.

Claim Against Sheriff Rambosk in his Official Capacity

Sheriff Rambosk argues that Pinto has failed to sufficiently plead a negligent hiring and retention claim in Count XVII.  Under Florida law, to state a claim for negligent hiring and retention, a plaintiff must plead and prove that the employer should have foreseen, based on the work history of the employees, that they would commit the current tort.  *Paul v. Bradshaw*, No. 12-81381-CIV-ROSENBAUM/SELTZER, 2013 WL 12084298, at *13 (S.D. Fla. Aug. 7, 2013). Essentially, a plaintiff must allege facts to show that the employer was on notice of the "harmful propensities of the employees." *Id*. (quoting *Campbell v. Humphries*, 353 F. App'x 334, 336 (11th Cir. 2009)).  The primary difference between the two causes of action "is the time at which the employer is charged with knowledge of the

employee's unfitness" – whether that is before the time the employee is hired (in the case of negligent hiring) or during the course of employment (in the case of negligent retention). *Id.* at 15 (quoting *Garcia v. Duffy*, 492 So. 2d 435, 438 (Fla. 2d DCA 1986)).

Upon review of the amended complaint, the Court finds that Pinto has failed to sufficiently state a claim for either negligent hiring or negligent retention. Pinto has failed to provide any facts to show that Sheriff Rambosk knew or should have known of the deputies' unfitness at the time of hiring. Pinto fails to allege any facts to support his claim that Sheriff Rambosk failed to investigate the background of the deputies and take reasonable steps to ascertain whether the deputies were emotionally or intellectually capable of performing as law enforcement deputies. Pinto also fails to allege any facts demonstrating that, during the course of employment, Sheriff Rambosk became aware or should have become aware of problems with any of the deputies that reflected unfitness. As such, Count XVIII is also dismissed without prejudice against Sheriff Rambosk in his official capacity, with leave to amend.

Claims Against the Bar Defendants[3]

Although SLR, Tallides, and Buro did not specifically file a motion to dismiss Count XVII, they indicated that they joined all other motions filed by any or all co-defendants seeking to dismiss any and all counts of the amended complaint. (Doc.

---

[3] The Court notes that based on the allegations, it is unclear whether Counts XVII and XVIII are intended to be against Buro, whether he is intended to be one of the "unfit employees," or both. Pinto should clarify this point in his second amended complaint.

93 at 3).  Accordingly, for the reasons discussed above in its analysis of the negligent hiring and retention claim against Sheriff Rambosk, the Court finds that Pinto has failed to state a claim for negligent hiring and retention against the Bar Defendants because he has failed to allege (1) any facts to show that the Bar Defendants knew or should have known of the deputies' unfitness at the time of hiring; (2) any facts to support his claim that the Bar Defendants failed to investigate the background of the deputies and take reasonable steps to ascertain whether the deputies were emotionally or intellectually capable of performing as law enforcement deputies; and (3) any facts showing that during the course of employment, the Bar Defendants became aware or should have become aware of problems with any of the deputies that reflected unfitness.  As such, Count XVIII is also dismissed without prejudice against these Defendants, with leave to amend.

### Count XVIII (Negligent Training and Supervision Under Florida Law against Collier County, Rambosk in his Official Capacity, SLR, Tallides, and Buro)

<u>Claim Against Collier County</u>

In its motion to dismiss, Collier County argues that under the facts alleged, it cannot be held legally responsible for the law enforcement functions of the Sheriff. The Court agrees.  *See L.S. by Hernandez v. Peterson*, 18-cv-61577, 2018 WL 6573124, at *9 (S.D. Fla. Dec. 13, 2018) (explaining that a county cannot be liable for a policy or action of the sheriff since the county has no authority to control the law enforcement functions of the sheriff).  Consequently, Count XVIII is dismissed with prejudice as to Collier County.

<u>Claim Against Rambosk in his Official Capacity</u>

Sheriff Rambosk argues that Pinto has failed to sufficiently allege a negligent training and supervision claim in Count XVIII. "Florida law recognizes a claim for negligent supervision […]." *Vaden v. Campbell*, No. 4:09CV12-RH/WCS, 2009 WL 1919474, at *2 (N.D. Fla. July 2, 2009). The Court notes that because "there is no sovereign immunity barrier to making a claim against a governmental agency for negligent retention or supervision," Sheriff Rambosk's sovereign immunity argument is not well-founded and would not preclude Pinto from plausibly stating a claim for negligent supervision. *See id.* at *4; *McIntosh v. City of Cocoa Beach*, No. 6:04-cv-517-Orl-31JGG, 2004 WL 7331405, at *5 (M.D. Fla. Nov. 23, 2004).

To sufficiently state a cause of action for negligent supervision, a plaintiff must allege: "(1) the existence of a relationship giving rise to a legal duty to supervise; (2) negligent breach of that duty; and (3) proximate causation by virtue of the breach." *Vaden*, 2009 WL 1919474, at *2. (citing *Albra v. City of Ft. Lauderda*le, 232 F. Appx. 885, 888 (11th Cir. 2007)). "A person injured by a government actor in the course of enforcing the laws for the general protection of the public ordinarily has no claim, because the actor owes no actionable common-law duty of care to the general public." *Id.* at *3. Rather, an individual injured by a government actor only has a claim "if the government actor owes the person a special duty of care." *Id.*

Additionally, a plaintiff is required to allege facts, beyond conclusory allegations, that the defendant had actual or constructive knowledge of any violations by a specific employee. *See Santarlas v. Minner*, No: 5:15-cv-103-OC-

30PRL, 2015 WL 3852981, at *5, n. 6 (M.D. Fla. Jun. 22, 2015); *Watts v. City of Hollywood, Florida*, 146 F. Supp. 3d 1254 (S.D. Fla. 2015); *Polanco v. City of Marco Island*, No. 2:10-cv-605-FtM-29DNF, 2011 WL 2848655, at *2 (M.D. Fla. July 19, 2011).

Moreover, the injury must be based on an injury resulting from a common-law tort recognized in Florida. *See, e.g.*, *Wheeler v. Blackbear Two, LLC*, No. 6:12-cv-583-Orl-37TBS, 2012 WL 3596128, at *2 (M.D. Fla. Aug. 21, 2012); *Gutman v. Quest Diagnostics Clinical Lab., Inc.,* 707 F. Supp. 2d 1327, 1331-32 (S.D. Fla. 2010); *Atmore v. City of Lake Wales*, No. 8:08-cv-2320-T-27EAJ, 2009 WL 10670908, at *3 (M.D. Fla. Dec. 1, 2009); *Hernandez v. Manatee County*, No. 8:05-cv-1434-T-30EAJ, 2006 WL 8440095, at *1 (M.D. Fla. Oct. 23, 2006).

Upon review, the Court finds that Pinto has failed to sufficiently allege a negligent supervision claim. Pinto only alleges the existence of a general duty of care and does not sufficiently allege the existence of a recognized special duty of care. Additionally, Pinto has failed to allege any facts, beyond conclusory allegations, that Sheriff Rambosk had knowledge or should have had knowledge of any prior issues with any of the Deputy Defendants. Finally, it is unclear which common-law torts each of the Deputy Defendants is alleged to have committed against Pinto. Instead, Pinto only appears to allege that the Deputy Defendants violated his constitutional rights. *See* (Doc. 86 at 303). Consequently, Count XVII is dismissed without prejudice, with leave to amend.

Claims Against the Bar Defendants

Although SLR, Tallides, and Buro did not specifically file a motion to dismiss Count XVIII, they indicated that they joined all other motions filed by any or all co-defendants seeking to dismiss any and all counts of the amended complaint. (Doc. 93 at 3). Accordingly, for the reasons discussed in its analysis of the claim against Sheriff Rambosk, the Court finds that Pinto has failed to allege a negligent supervision claim against the Bar Defendants because he has failed to allege: (1) the existence of a recognized special duty of care; (2) any facts, beyond conclusory allegations, that the Bar Defendants had knowledge or should have had knowledge of any prior issues with any of the Deputy Defendants; and (3) the nature of the common-law torts that each of the Deputy Defendants is alleged to have committed against Pinto. As such, Count XVIII is also dismissed without prejudice as to these Defendants, with leave to amend.

## Conclusion

Consequently, the Court denies the motions to dismiss in part, and grants in part, as set forth herein. Pinto is directed to file an amended complaint correcting the aforementioned deficiencies within the timeframe specified below.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant Matthew Kinney's Motion to Dismiss" (Doc. 92) is **GRANTED IN PART** and **DENIED IN PART**.

(2) "Defendant SLR Naples Corporation, Stergio Tallides and Jason Buro's Motion to Dismiss Plaintiff's Amended Complaint and Supporting Memorandum of Law" (Doc. 93) is **GRANTED IN PART** and **DENIED IN PART**.

(3) "Defendant Sheriff's Motion to Dismiss Plaintiff's Amended Complaint and Supporting Memorandum of Law" (Doc. 94) is **GRANTED IN PART** and **DENIED IN PART**.

(4) "Defendants Byers, Campolo, Dillman, Maholtz, Mulholland, Pisano, and Thoman's Motion to Dismiss Plaintiff's Amended Complaint and Supporting Memorandum of Law" (Doc. 95) is **GRANTED IN PART** and **DENIED IN PART**.

(5) "Defendant County's Motion to Dismiss Plaintiff's Amended Complaint and Supporting Memorandum of Law" (Doc. 96) is **GRANTED IN PART** and **DENIED IN PART**.

(6) Defendants' motions to dismiss are **GRANTED** to the extent that Counts II (in part), X, XI, XV, XVI (in part), XVII (in part), and XVIII (in part) are **DISMISSED WITH PREJUDICE**.

(7) The motions to dismiss are **GRANTED** to the extent that Counts II (in part), III, IV, VI (in part), VII (in part), VIII (in part), IX (in part), XII (in part), XIII (in part), XIV (in part), XVI (in part), XVII (in part), and XVIII (in part) are **DISMISSED WITHOUT PREJUDICE**.  Pinto is directed to file an amended complaint to correct the pleading deficiencies identified in this Order on or before June 8, 2020.  Failure to file an amended complaint as directed will result in the dismissal of this action without prejudice without further notice.

(8) The motions to dismiss are **DENIED** as to Counts VI (in part), VII (in part), VIII (in part), IX (in part), XIII (in part), and XIV (in part).

**DONE** and **ORDERED** in Chambers, in Ft. Myers, Florida, this <u>7th</u> day of

May, 2020.

_____

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**