UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

FABIANO B. PINTO,   CASE NO. 2:19-cv-00551-JLB-MRM

    Plaintiff,

vs.

COLLIER COUNTY, et al.,

    Defendants.

_____/

**DEFENDANT SHERIFF RAMBOSK'S EMERGENCY MOTION FOR PROTECTIVE ORDER FROM DEPOSITION SCHEDULED FOR OCTOBER 28, 2020**

    Defendant Kevin Rambosk, as Sheriff of Collier County, Florida, through his undersigned attorneys, pursuant to Local Rule for the Middle District 3.01(e) and Rule 26(c) of the Federal Rules of Civil Procedure, files this his Emergency Motion for Protective Order and in support thereof states as follows:

    1.    On September 11, 2020, the Defendant Sheriff filed his original Motion for Protective Order seeking to prevent his deposition which is currently scheduled for October 28, 2020. (ECF No. 128). The gravamen of the Sheriff's Motion was that the Plaintiff had not satisfied his burden of demonstrating the extraordinary circumstances justifying the deposition of the Sheriff as a high-ranking government official. The Sheriff's Motion further asserted that Plaintiff's justification for the Sheriff's deposition (that the Plaintiff's claims against the Sheriff in his individual capacity survived the motion to dismiss stage) should be rejected since the Plaintiff's allegations lacked any evidentiary support.

1

2. On September 26, 2020 (one day after the deadline to file a response under the local rule), Plaintiff untimely filed his Response in opposition to the Sheriff's Motion for Protective Order. (ECF No. 129).

3. The Defendant Sheriff hereby adopts and incorporates by reference the contents of his previous Motion filed on September 11, 2020. The issues raised in the Sheriff's Motion have been fully briefed and are ripe for resolution.[1] The Defendant Sheriff files this Emergency Motion now since his scheduled deposition is a week away and the filing of the original Motion for Protective Order does not relieve the Sheriff of his obligation to attend his deposition. <u>Hepperle v. Johnston</u>, 590 F.2d 609, 613 (5th Cir. 1979) (noting that Court's inaction on party's motion for a protective order did not relieve party of the duty to appear for deposition).

WHEREFORE, the Defendant Sheriff objects to the Plaintiff being permitted to take his deposition in this proceeding on the grounds that it would cause annoyance, oppression, or undue burden and respectfully requests this Honorable Court to enter an Order of Protection prohibiting Plaintiff from taking his deposition.

---

[1] In the intervening period since the Sheriff's original motion was filed, there has been no new discovery conducted which would support the Plaintiff's allegations of the Sheriff's personal involvement in the Plaintiff's arrest/prosecution. On the other hand, after the motion was filed, the Plaintiff was deposed. During his deposition, Plaintiff seemed surprised that the Sheriff was being sued in his individual capacity and conceded that he was unaware of any evidence regarding the Sheriff's personal involvement. (See Exhibit A, Excerpt of Plaintiff's deposition, pg. 122, line 8-pg. 123, line 18).

## **CERTIFICATE OF GOOF FAITH CONFERENCE**

Counsel for the Defendant Sheriff certifies that he has again conferred with Plaintiff's counsel regarding the relief sought in the instant motion and that Plaintiff's counsel continues to oppose the relief sought.

I HEREBY CERTIFY that a copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF, which will forward a copy of the same to Plaintiff's counsel Victor A. Ruiz and Anthony C. Hevia, Vargas Gonzales Hevia Baldwin, LLP, 815 Ponce de Leon Blvd., Coral Gables FL 33134, vruiz@vargasgonzalez.com and anthony@vargasgonzalez.com; to Plaintiff's counsel, Samuel Christopher DePaola, Sim & DePaola, LLP, 4240 Bell Blvd. Suite 201, Bayside, NY 11361, sdepaola@simdepaola.com ; to Defendant's Mathew Kinney's counsel, Robert Shearman and Kyle C. Dudek, Henderson, Franklin, Starnes & Holt, P.O. Box 280, Fort Myers, FL 33902-0280, Robert.Shearman@henlaw.com, courtney.ward@henlaw.com,, kyle.dudek@henlaw.com; sarah.howie@henlaw.com, and to Defendants SLR Naples Corporation, Stergios Tallides and Jason Buro's counsel, Joe Cartolano, Cartolano & Alvero, P. A., 1175 NE 125th Street, Ste 219, Miami, Florida 33161, this 21st day of October, 2020.

PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
*Counsel for Defendants, Byers, Campolo, Collier County, Dillman, Maholtz, Muholland, Rambosk and Thoman*
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone: (954) 462-3200
Telecopier: (954) 462-3861
E-mail: Greg@purdylaw.com
Cecilia@purdylaw.com

By: */s/ Gregory J. Jolly*
GREGORY J. JOLLY
Fla. Bar No. 118287