UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FABIANO B. PINTO,

Plaintiff,

v. Case No.: 2:19-cv-551-FtM-66MRM

SLR NAPLES CORPORATION, KEVIN J. RAMBOSK, MATTHEW A. KINNEY, JOSHUA CAMPOLO, ADAM J. DILLMAN, STEVE MAHOLTZ, FRANK C. PISANO, JR., BECKI A. THOMAN, JAY MULHOLLAND, JAMES BYERS, STERGIOS TALLIDES and JASON BURO,

Defendants.
_________________________________/

**ORDER**

Defendant Sheriff Kevin J. Rambosk filed a Motion for Protective Order from Deposition Scheduled for October 28, 2020. (Doc. 128). Plaintiff filed an opposition brief. (Doc. 129). More recently, Defendant filed an Emergency Motion for Protective Order from Deposition Scheduled for October 28, 2020, the "emergency" nature of which is the impending date of the deposition. (Doc. 132).

For the reasons set forth below, the Court finds that the original motion (Doc. 128) must be **GRANTED** and the subsequent emergency motion (Doc. 132) must be

**DENIED AS MOOT**.[1]

## BACKGROUND

The operative Third Amended Complaint states Defendant Kevin J. Rambosk, the Sheriff of Collier County, Florida, "is being sued in his individual and official capacities." (Doc. 119 at ¶ 12). The Third Amended Complaint is, indeed, replete with allegations and legal claims asserted against Defendant in his individual and official capacities. (*See* Doc. 119). Notably for this discovery dispute, many of the allegations describe Defendant's direct and personal involvement in Plaintiff's treatment after the arrest at issue. (*See, e.g.*, *id.* at ¶¶ 63-66).

The Court previously found Plaintiff's allegations against Defendant in his individual capacity (as contained in the First Amended Complaint) largely sufficient to survive a motion to dismiss. (Doc. 107 at 10, 12, 14-15, 16, 19-20; *Compare also* Doc. 86 at ¶¶ 63-66, *with* Doc. 119 at ¶¶ 63-66). Some of the claims against Defendant in his official capacity were, however, found to be deficient and were dismissed with leave to amend. (*See* Doc. 107 at 23-27). Plaintiff ultimately filed the Third Amended Complaint, which none of the Defendants sought to dismiss. (Doc. 119). So, claims against Defendant in his official and individual capacities persist. (*Id.*).

---

[1] Because the Court finds that the emergency motion is moot, the Court need not await a written response from Plaintiff.

Now that the pleadings are settled, Defendant resists appearing for his deposition. (*See* Doc. 128).

**ANALYSIS**

The main thrust of Defendant's argument against being deposed is that Plaintiff's allegations concerning Defendant's personal involvement are untrue and, thus, Defendant's deposition would be "abusive and unnecessary." (*See id.* at 2-4). To support his position, Defendant submits a sworn affidavit attesting that the relevant allegations in the Complaint are "categorically false." (*See* Doc. 128-2 at ¶¶ 2-7). Defendant also submits records relating to the underlying incident and deposition transcripts from others, all of which Defendant contends support the falsity of Plaintiff's allegations concerning Defendant's personal involvement. (*See* Doc. 128-1).

As for the law, Defendant argues that he is the type of high-ranking government official whom federal courts have recognized should not be deposed or called to testify absent extraordinary circumstances. (Doc. 128 at 5-6 (citing cases)). On this theory, Defendant argues that Plaintiff has a heightened burden to show that the deposition is permissible. (*Id.* at 6 (citing cases)). Additionally, Defendant argues that Plaintiff is constrained by the mechanism provided in Fed. R. Civ. P. 30(b)(6) "to obtain the information being sought from more knowledgeable agents." (*Id.* at 7). Lastly, Defendant argues that Plaintiff has engaged in insufficient written and oral discovery regarding Defendant's personal involvement, such that the current discovery record does not support Plaintiff's allegations or Plaintiff's entitlement to

take Defendant's deposition. (*Id.* at 7-8).

In his response, Plaintiff emphasizes that the Court previously found the operative claims and allegations against Defendant in his individual capacity to be sufficient. (Doc. 129 at 4). Plaintiff also complains that "the affidavit [Defendant] submitted with his motion for protective order constitutes the *only* evidence he has produced in support of his contention that he had no personal involvement in [Plaintiff's] arrest or subsequent criminal prosecution." (*Id.* at 4). Plaintiff contends that the affidavit is "of little evidentiary value, as it consists of nothing but contrived and unfounded denials." (*Id.*). Plaintiff then postulates that there may be reasons why Defendant's name was never formally documented in connection with Plaintiff's arrest and prosecution. (*Id.*).

As for the law, Plaintiff concedes that courts generally restrict high-ranking government officials lacking personal knowledge of the issues being litigated from being deposed. (*See id.* at 5 (citing cases)). Plaintiff insists, however, that Defendant must be deposed here because Defendant has not shown beyond conclusory statements "how his deposition would result in annoyance, embarrassment, oppression, or undue burden or expense." (*Id.* (quoting Fed. R. Civ. P 26(c)). Additionally, Plaintiff argues that none of the court decisions Defendant relies upon to request a protective order involved claims against high-ranking government officials in their individual capacities. (*Id.* at 5-6).[2] Plaintiff contends—without

---

[2] This argument appears to be facially incorrect because, in fact, Defendant relies on *Jarbo v. County of Orange*, No. SACV 05-00202-JVS, 2010 WL 3584440 (C.D. Cal.

citing any legal authority—that "the high-ranking government official exception is not applicable when such an official is being sued in an individual capacity, as it is axiomatic that individual capacity claims require sufficient allegations as to personal involvement." (*Id.*). Further, Plaintiff argues Fed. R. Civ. P. 30(b)(6) "only applies to claims against government agencies or governmental employees in their official capacities." (Doc. 129 at 6).

As to what discovery has shown so far, Plaintiff states:

> Not one member of the [Collier County Sheriff's Office] testified that [Sheriff Rambosk] was not involved in the arrest or criminal prosecution of [Plaintiff]. They did testify, however, that they did not know whether defendant Rambosk was involved or not. They further testified that they would not know if defendant Rambosk was ever informed about Mr. Pinto's arrest, since information flows up the chain of command and there are several ranks between them and defendant Rambosk.

(Doc. 129 at 6).

The parties do not appear to dispute that Defendant is a high-ranking government official. Nevertheless, the Court finds it indisputable that Defendant is a high-ranking government official. (*See* Doc. 128-2 at ¶ 1). As such, Plaintiff has the burden to show:

---

Aug. 30, 2010) for the proposition that"[t]he fact that the Sheriff is named in his individual capacity is not dispositive of this issue." (Doc. 128 at 8). In *Jarbo*, a sheriff was sued in his individual capacity, *id.* at *13-14, and the court applied the exceptional circumstances test to preclude the sheriff's deposition, *id.* at *3. Thus, Defendant has cited at least one case in which the exceptional circumstances test was applied similarly to how Defendant urges this Court to apply it.

> (1) the official's testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that cannot reasonably be obtained from other sources; (3) the testimony is essential to the case at hand; (4) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (5) the evidence sought is not available through less burdensome means or alternative sources.

*City of Fort Lauderdale v. Scott*, No. 10-61122-CIV, 2012 WL 760743, at *3 (S.D. Fla. Mar. 7 2012) (quotation and citations omitted). "Stated another way, the extraordinary circumstances test may be met when high-ranking officials have direct personal factual information pertaining to material issues in an action and the information to be gained is not available through any other sources." *Id.* (quotation and citations omitted).

The Court finds that Plaintiff has not met his burden at this time. To start, Plaintiff has not sufficiently shown that Defendant's testimony is necessary to obtain relevant information that is not available from another source, including any persons with personal knowledge who are within the chain of command but ranked lower than Defendant. Moreover, Plaintiff has not adequately shown that Defendant has first-hand information that cannot reasonably be obtained from other sources. The relevant allegations at paragraphs 63 through 66 of the Third Amended Complaint (Doc. 108 at ¶¶ 63-66) do not describe first-hand information in Defendant's possession, custody, or control that could not be obtained from other sources who would necessarily have been involved in the events and circumstances described in

those paragraphs. Plaintiff also fails to show how Defendant's direct testimony is essential to the case at hand.[3] Further, Plaintiff has not demonstrated—and likely cannot demonstrate—that the deposition would not significantly interfere with Defendant's ability to perform his government duties. Lastly, Plaintiff has not shown that the evidence sought is not available through less burdensome or alternative sources, including targeted written discovery (*e.g.*, interrogatories or requests for admission) or depositions of lower-ranked personnel.

In reaching these conclusions, the Court places great weigh on the apparent lack of any evidence unearthed by discovery to date that tends to substantiate the allegations concerning Defendant's direct, personal involvement in Plaintiff's arrest or the events that occurred thereafter before this lawsuit was filed. As it stands, therefore, the averments in Defendant's sworn affidavit (Doc. 128-1) appear to be wholly unrebutted by written discovery responses, documentary evidence, or other deposition testimony. And, importantly, it is Plaintiff's burden to show otherwise. *See Scott*, 2012 WL 760743, at *3.

Additionally, the Court finds Plaintiff's over-reliance on the existence of the individual-capacity claims to be misplaced. Importantly, it is not at all clear to the Court whether Plaintiff intends to limit the scope of the deposition to the individual-capacity claims and related allegations. If not, then the Court finds that the

[3] Even if the Court assumes, *arguendo*, that direct testimony from Defendant is essential to Plaintiff's individual-capacity claims, Plaintiff has not met his burden as to any of the other factors.

exceptional circumstances test must apply because at least some part of the deposition would relate to the official-capacity claims and related allegations. Even if Plaintiff intends to somehow try to limit the scope of the deposition to the individual-capacity claims and related allegations, it is not axiomatic that the exceptional circumstances test should not apply. Federal courts have applied the test to preclude or permit depositions of government officials sued in an individual capacity. *See, e.g.*, *Jarbo v. County of Orange*, No. SACV 05-00202-JVS, 2010 WL 3584440, at *3 (C.D. Cal. Aug. 30, 2010) (precluding deposition of sheriff); *Freedom From Religion Foundation, Inc. v. Abbott*, No. A–16–CA–00233–SS, 2017 WL 4582804, at *10-11 (W.D. Tex. Oct. 13, 2017) (permitting deposition of state governor on restrictive conditions); *Davi v. Roberts*, No. 16-CV-5060 (RRM) (PK), 2018 WL 4636805, at *2 (E.D.N.Y. Sept. 26, 2018) (precluding deposition of state commissioner).

Because the Court finds that the exceptional circumstances test applies and because Plaintiff has not met his burden to show that exceptional circumstances exist to proceed with Defendant's deposition, Defendant is entitled to a protective order precluding his deposition at this time. Furthermore, because the exceptional circumstances test is dispositive of this discovery dispute, the Court need not address the parties' arguments concerning Fed. R. Civ. P. 30(b)(6).

## CONCLUSION

For these reasons, the Court **ORDERS** that:

1. Defendant Sheriff Rambosk's Motion for Protective Order from Deposition Scheduled for October 28, 2020 (Doc. 128) is **GRANTED**.

2. The deposition of Sheriff Rambosk is cancelled.

3. Defendant Sheriff Rambosk's Emergency Motion for Protective Order from Deposition Scheduled for October 28, 2020 (Doc. 132) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 22, 2020.

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties