## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

FABIANO B. PINTO,

       Plaintiff,

v.                                 Case No:  2:19-cv-551-JLB-MRM

COLLIER COUNTY; SLR NAPLES
CORPORATION; KEVIN J.
RAMBOSK; MATTHEW A.
KINNEY; JOSHUA CAMPOLO;
ADAM J. DILLMAN; STEVE
MAHOLTZ; FRANK C. PISANO,
JR.; BECKI A. THOMAN; JAY
MULHOLLAND; JAMES BYERS;
STERGIOS TALLIDES; AND
JASON BURO,

       Defendants.

_____

## ORDER

    Before the Court is Defendant Matthew Kinney's Motion for Clarification

(Doc. 157) of the Magistrate Judge's February 8, 2021 endorsed order (Doc. 156),

which granted Plaintiff's motion for an extension of the summary judgment

deadline and permitted Plaintiff to file a single, combined brief containing both

Plaintiff's response to Defendants' motions for summary judgment and Plaintiff's

cross-motion for summary judgment (Doc. 155).   Defendant Kinney's Motion for

Clarification (Doc. 157) is **GRANTED** in part and **DENIED** in part.   As will be

explained, the Magistrate Judge properly ruled that Plaintiff may file a single brief

that combines both his response to Defendants' motions for summary judgment and

his cross-motion for summary judgment.   For the benefit of both the current and future parties before the Court, the Court takes this opportunity to clarify this Court's role in evaluating the facts on summary judgment and the procedural requirements set forth in the Court's Instructions Regarding a Statement of Material Facts for a Motion for Summary Judgment ("Summary Judgment Instructions") found on the Court's webpage.[1]

As background, Plaintiff Fabiano P. Pinto brought this 42 U.S.C. § 1983 action stemming from his arrest and prosecution.   (Doc. 1).   Defendants' respective motions for summary judgment are currently pending before the Court.   (Docs. 145, 152, 153, 154.)   Due to an issue related to COVID-19, Plaintiff filed a "Motion for Extension of Summary Judgment Deadline."   (Doc. 155.)   Plaintiff noted that he had sent emails to the various Defendants to inquire whether they opposed the motion, but none of the Defendants had responded as to their respective positions on the motion.   (Id. at 1-2.)   In all events, that motion had two requests baked into it: (1) a request for an extension of time to file Plaintiff's response to Defendants' motions for summary judgment; and (2) a request that he only file a single brief, where he would combine his response to Defendants' motions for summary judgment with his cross-motion for summary judgment.   (See id. at 2-3.)   In an endorsed order, the Magistrate Judge found good cause to grant Plaintiff's motion for extension of time to file summary judgment as follows:

---

[1] See https://www.flmd.uscourts.gov/sites/flmd/files/judges/forms/flmd-badalamenti-instructions-regarding-a-statement-of-material-facts-for-a-motion-for-summary-judgment.pdf.

> Although Plaintiff was unable to confer with opposing
> counsel to determine whether the motion is opposed, the
> Court finds good cause to grant the motion without
> awaiting a response.   Plaintiff must file his responses to
> Defendants' motions for summary judgment
> (Docs. 145, 152, 153, and 154) and his cross-motion for
> summary judgment no later than 3/1/2021.

(Doc. 156.)

In granting Plaintiff's motion, the Magistrate Judge did not specifically mention whether the order also granted Plaintiff's separate request to file a single, combined brief.   But the Court notes that by not denying that portion of the motion, the Magistrate Judge necessarily granted Plaintiff's request to file a single, combined brief containing both Plaintiff's response to Defendants' motions for summary judgment and his cross-motion for summary judgment.

Turning to Defendant Kinney's Motion for Clarification, he does not object to the Magistrate Judge's grant of Plaintiff's motion insofar as the request for additional time is concerned.   (<u>See</u> Doc. 157 at 1.)   Defendant Kinney instead takes issue with the Magistrate Judge's grant of the motion, to the extent the Magistrate Judge permitted Plaintiff leave to file a single brief, which would combine into one document both Plaintiff's response to Defendants' motions for summary judgment and Plaintiff's cross-motion for summary judgment.   Defendant Kinney asks the Court to overrule the Magistrate Judge's grant of Plaintiff's request to file a combined brief.

After careful review of Defendant Kinney's arguments supporting why Plaintiff should not be permitted to file a single, combined summary judgment brief, the Court, for the benefit of Defendant Kinney and future parties before the Court,

will discuss both the substantive law applicable to the Court's evaluation of the facts on summary judgment and the procedural requirements set forth in the Court's Summary Judgment Instructions.

<u>DISCUSSION</u>

Defendant Kinney contends that Plaintiff's "proposed briefing structure is impossible and can only serve to confuse proceedings."   (Doc. 157 at 2.) Specifically, Defendant Kinney asserts that a combined brief is "impossible" as follows, "Plaintiff's request for summary judgment is adjudicated under a different <u>standard</u> than must be used to address Defendants' pending [summary judgment] motions."   (<u>Id.</u>) (emphasis added).   The Court respectfully disagrees.

Substantively, the standard by which the Court must evaluate a summary judgment motion is, of course, found in Rule 56 of the Federal Rules of Civil Procedure.   Rule 56 specifies that a moving party is entitled to summary judgment as follows:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.   The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).   Plainly, application of Rule 56 is the same, regardless of whether the "movant" is the plaintiff or the defendant.

That said, the heart of Defendant Kinney's argument relates to the Court's evaluation of the facts of a case in deciding whether the summary judgment standard has been met, <u>i.e.</u>, whether there is "no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   According to Defendant Kinney, "when the defense moves for summary judgment, the plaintiff's testimony must be accepted as true" and "[w]hen a plaintiff asks for summary judgment . . . the opposite rule applies."   (Doc. 157 at 2.) Defendant Kinney argues that this differing "standard" makes it impossible to file a combined brief while also complying with the Court's Summary Judgment Instructions dealing with the preparation of a Statement of Material Facts.   (Id. at 3.)   Specifically, according to Defendant Kinney, the Statement of Material Facts required for Plaintiff's cross-motion for summary judgment must assume Defendant's version of the facts is true, while the Statement of Material Facts contained in Defendants' motions for judgment were required to assume Plaintiff's version of the facts is true.   As such, Defendant Kinney posits that combining both a response to a motion for summary judgment and a cross-motion for summary judgment into one document would be impossible and confuse the Court.

Turning to the substantive law, in ruling on a motion for summary judgment, the Court is "no[t] require[d] . . . [to] make findings of fact."   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).   Rather, "[t]he inquiry performed [on summary judgment] is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."   Id.   Thus, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported

motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Id.</u> at 247–48 (emphasis in original).

A dispute over a fact, the Supreme Court has explained, is <u>genuine</u> "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u> at 248.   Only disputes over material facts, which are determined by the substantive law that might affect the outcome of the legal claim, will preclude the entry of summary judgment.   <u>Id.</u>   A fact is "material" if the existence or nonexistence of that fact "might affect the outcome of the suit under the governing law."   <u>Id.</u>   Lastly, the Supreme Court has explained that "[f]actual disputes that are irrelevant or unnecessary will not be counted."   <u>Id.</u>

With these general principles in mind, the Court turns to the procedural requirements found in the Court's Summary Judgment Instructions.   Those Instructions state that a motion for summary judgment must include a specifically captioned section titled, "Statement of Material Facts."   While the Court's Summary Judgment Instructions omit the word "undisputed" from the required section's title, it is clear that this Statement is to include <u>only</u> "material fact[s]" that the moving party contends are not in genuine dispute.[2]

---

[2] The Summary Judgment Instructions state that "[t]he statement of material facts must list each material fact alleged not to be disputed in separate, numbered paragraphs.   The reference to "facts alleged not to be disputed" means those facts which <u>the moving party can show</u> are <u>not</u> subject to any <u>genuine dispute</u>.   That showing must be made through citation to specific locations in the record where those facts are established.   <u>See</u> Summary Judgment Instructions ("Each fact must be supported by a <u>pinpoint</u> citation to the specific part of the record relied upon to support that fact.") (emphasis in original).

The obvious purpose of the Summary Judgment Instructions' requirement of a Statement of Material Facts is to facilitate the Court's task under the substantive law in identifying genuine disputes regarding factual issues that are <u>material</u> to resolving the claims at issue and determining whether there is a need for trial. Thus, the Statement of Material Facts should <u>not</u> include either facts that are <u>immaterial</u> for purposes of the legal claim at issue, <u>or</u> facts that are <u>genuinely in dispute</u>. Conversely, the facts that the moving party must set forth in the required Statement of Material Facts are only those facts that the moving party contends are both <u>material</u> to the legal claim at issue and those for which there is no <u>genuine</u> dispute.

Turning to Defendant Kinney's arguments here, the applicable law and the summary judgment record is the same for both Defendants' summary judgment motions and Plaintiff's cross-motion for summary judgment. Therefore, the facts that should be included in Plaintiff's forthcoming Statement of Material Facts presumably are the same as well. Either a fact is material and undisputed or it is not. If a fact is material <u>and</u> undisputed, it should be included in the Statement of Material Facts by the moving party, regardless of whether the party is the plaintiff or defendant. If the fact is either not material or not undisputed, that fact should be excluded from the Statement of Material Facts.

Ideally, the parties should be able to agree on what facts are material under the law and undisputed on the record, and file a <u>joint</u> Statement of Material Facts. But things are not always ideal in litigation. The Court's Summary Judgment

Instructions require the moving party to provide that party's recitation of what he or she believes are the <u>undisputed</u> material facts, along with pinpoint citations to assist the Court in verifying that those purportedly material facts are indeed not subject to a genuine dispute.   The opposing party is then required to respond whether he or she agrees with the moving party's recitation of the undisputed material facts.   To do this, the responding party includes a "specifically captioned section titled, 'Response to Statement of Material Facts,'" which "must mirror the statement of [undisputed] material facts by admitting and/or denying each of the moving party's assertions in matching numbered paragraphs."[3]   The Summary Judgment Instructions also direct the opposing party to set forth additional facts, again with appropriate citations to the record, that he or she contends are material and undisputed but were omitted in the moving party's Statement of Material Facts.[4]

---

[3] The opposing party may not merely "deny" the moving party's contention that the stated material fact is undisputed, but instead, like the moving party, must "prove" that denial by "set[ting] forth a <u>pinpoint</u> citation to the record where the fact is [shown to be] disputed."   <u>See</u> supra, n.1.   If the opposing party contends the stated fact, while undisputed, is immaterial for purposes of summary judgment, his response must admit the fact, but he may also indicate that he contests materiality as to the fact in question.   He should reserve any argument on the question of materiality, however, for the discussion of law section of his brief.

[4] While the Summary Judgment Instructions do not explicitly require that the moving party respond to any additional facts set forth in the non-moving party's response brief as being material and undisputed, the moving party would be well advised to include in his reply brief in support of summary judgment a separate section titled "Response to Statement of **Additional** Material Facts."   The Response to Statement of **Additional** Material Facts should admit or deny the additional material facts presented by the nonmoving party, and, as to any additional facts denied, provide <u>pinpoint</u> record citations demonstrating that the denied additional

Distinct from the requirements of the Statement of Material Facts, a party may want to present facts in his or her summary judgment papers that the party believes are or may be in dispute.   For instance, either party may want to present certain facts for general background purposes to assist the Court.   For those general background facts, it would be unnecessary to establish the absence of a genuine factual dispute unless those background facts were essential ("material") to the summary judgment motion, i.e., established an element of a claim or defense. In addition, a nonmoving party may choose to set forth material facts the moving party omitted that the nonmoving party contends are in dispute and would foreclose summary judgment in the moving party's favor.

The Summary Judgment Instructions do not preclude the inclusion in a summary judgment brief of optional presentation of facts that fall outside the Statements of Material Facts.   Those facts simply need to be parceled out in a separate section of the brief, apart from the required Statement of Material Facts. Separating the undisputed material facts from an optional presentation of background or disputed facts in a party's brief facilitates the Court's identification of the undisputed facts in the case for purposes of assessing the moving party's entitlement to summary judgment.   Significantly, and responsive to Defendant Kinney's concerns here, only those background facts—disputed or immaterial—are facts that the Court must view in the light most favorable to the nonmoving party. See Scott v. Harris, 550 U.S. 372, 380 (2007) (holding that, "[a]t the summary

_____

material facts are in fact genuinely disputed.

judgment stage, facts must be viewed in the light most favorable to the nonmoving party <u>only if there is a 'genuine' dispute as to those facts</u>" (emphasis added)).

The above discussion demonstrates that there is no principle of law applicable to summary judgment that requires that the Court accept as true the nonmoving party's whole-cloth version of all the facts surrounding a dispute.   In support of such a rule, Defendant Kinney cites <u>Drury v. Volusia County</u>, No. 6:10-cv-1176-Orl-28DAB, 2012 WL 162362 (M.D. Fla. Jan. 19, 2012).   There, the court stated that "[t]he facts in the Background section are taken largely from the deposition testimony of Plaintiff.   For the purpose of ruling on Defendants' motions [for summary judgment] her testimony must be accepted as true."   <u>Id.</u> at *1 n.2. The Court understands the <u>Drury</u> court's statement as follows: either the <u>Drury</u> plaintiff's testimony related to immaterial background facts or the plaintiff's testimony raised a genuine dispute about the <u>material</u> facts.   In either circumstance, as the Supreme Court explained in <u>Scott</u>, the appropriate standard is to construe the facts in favor of the nonmoving party.   But again, those immaterial or disputed facts are <u>not</u> to be included in the Statement of Material Facts section the Court's Summary Judgment Instructions require.   That section is reserved for the inclusion of only undisputed and material facts.

Defendant Kinney also cites <u>Altman v. Sterling Caterers, Inc.</u>, 879 F. Supp. 2d 1375, 1379 (S.D. Fla. 2012), where the court stated that "[a]ll evidence considered on a motion for summary judgment must be 'viewed in a light most favorable to the nonmoving party.'"   <u>Id.</u> (quoting <u>Beal v. Paramount Pictures Corp.</u>,

20 F.3d 454, 458 (11th Cir. 1994)).   But the sentence immediately following this widely quoted, broadly stated rule clarifies that "this [principle] . . . <u>does not mean</u> that we are <u>constrained to accept all the nonmovant's factual characterizations</u> and legal arguments.   <u>Beal</u>, 20 F.3d at 458-59 (emphasis added).   The Eleventh Circuit goes on to explain in <u>Beal</u> that, "[i]f no reasonable jury could return a verdict in favor of the nonmoving party, there is no genuine issue of material fact and summary judgment will be granted."   <u>Id.</u> at 459 (emphasis added) (citing <u>Anderson</u>, 477 U.S. at 248).

In other words, in evaluating whether summary judgment should be entered, the Court is not required to accept the nonmoving party's version of all the facts as true.   It instead construes the evidence in favor of the nonmoving party in determining whether a genuine factual dispute exists as to those facts.   If one party tells a version of the facts that "is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."   <u>Scott</u>, 550 U.S. at 380. In such a situation, the Court would <u>not</u> be engaging in an improper weighing of the evidence but rather would be performing the proper function of identifying which factual disputes are "genuine" and which are not.   <u>See</u> <u>Brooks v. Miller</u>, No. 4:19-cv-524-MW/MAF, 2021 WL 230059, at *1 (N.D. Fla. Jan. 22, 2021) (a court need not accept as true a plaintiff's sworn statement about what happened when it was captured on camera; in rejecting the plaintiff's version of what happened, the court would not be "weighing the evidence or discrediting [the] [p]laintiff's sworn

allegations based on [the] [d]efendant's testimony, but rather finding instead that the video evidence demonstrated "that no genuine' dispute of material fact exists sufficient to prompt an inference on behalf of the [Plaintiff]") (quoting <u>Singletary v. Varga</u>, 804 F.3d 1174, 1183 (11th Cir. 2015) (quoting <u>Scott</u>, 550 U.S. at 380))).

That said, the Court is mindful that a defendant's strategy on summary judgment may be to assume, for purposes of summary judgment only, that the plaintiff's version of what happened is undisputed, and thereafter argue that summary judgment is appropriate even with that generous assumption.   But by taking this approach, Defendants would <u>not</u> be constrained by the law to accept the Plaintiff's whole cloth version of the facts; they would instead be making a strategic legal argument.

That Defendant Kinney may have pursued such an approach in his summary judgment brief does not mean that Plaintiff is required to do the same in his cross-motion for summary judgment.   Plaintiff is not forced by the law to adopt a similar strategy for his own summary judgment motion of assuming for purposes of summary judgment that Defendants' version of the facts is true.   He may instead prefer to argue that the truly undisputed facts support his entitlement to judgment as a matter of law.   Of course, Plaintiff may not contend in arguing for summary judgment in his favor that a fact is undisputed simply because Defendants assumed in their own summary judgment motions that Plaintiff's version of what happened is true for purposes of a legal argument that Defendants are entitled to judgment as a matter of law even under Plaintiff's version of events.   Instead, Plaintiff is still

required to demonstrate entitlement to summary judgment with pinpoint citations to the record of evidence establishing that the facts materials to judgment in his favor are undisputed.

In sum, the ultimate question for the Court on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251–52.   If a genuine factual dispute exists, and those facts are material, then summary judgment is denied.   Although a party's presentation of facts on summary judgment requires the party to acknowledge that the opposing party's version of events may create a disputed issue of fact for trial, it does not require the party to "assume the truth" of the opposing party's version about everything.

## CONCLUSION

For the foregoing reasons, **DEFENDANT KINNEY'S MOTION FOR CLARIFICATION (Doc. 157)** is **GRANTED IN PART AND DENIED IN PART**. Defendant Kinney's Motion is **GRANTED** insofar as the Court now clarifies that the Magistrate Judge's order entered February 8, 2021 (Doc. 156) granted in full the relief requested by Plaintiff in his Motion for Extension, including the request to file a combined brief addressing his response to Defendants' motions for summary judgment and Plaintiff's cross-motion for summary judgment.   Defendant Kinney's Motion is **DENIED** insofar as he asks the Court to overrule that aspect of the

Magistrate Judge's order allowing Plaintiff to file a combined summary judgment brief.

**ORDERED** at Fort Myers, Florida, on February 12, 2021.

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**