UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FABIANO PINTO,

    Plaintiff,

v.                                        Case No.: 2:19-cv-551-JLB-MRM

KEVIN RAMBOSK, MATTHEW
KINNEY, JOSHUA CAMPOLO,
ADAM DILLMAN, STEVE MAHOLTZ,
FRANK PISANO, JR., BECKI
THOMAN, JAY MULHOLLAND,
and JAMES BYERS,

    Defendants.
_____/

# ORDER

Following his arrest, Plaintiff Fabiano Pinto sued sheriff's deputies and other individuals, including the Sheriff of Collier County, Defendant Kevin Rambosk, in both their individual and official capacities. (Docs. 1, 119.) Summary judgment on all claims was entered in favor of Defendants. (Doc. 175.) Prior to the entry of summary judgment, Sheriff Rambosk moved for sanctions against Mr. Pinto under Rule 11 of the Federal Rules of Civil Procedure. (Doc. 169.) After the entry of summary judgment, all Defendants except Deputy Matthew Kinney moved to determine entitlement to attorney's fees. (Doc. 179.) Mr. Pinto filed a notice of appeal and has moved to "stay the response to Defendants' motion for entitlement to attorneys' fees and for execution of the taxable costs pending the outcome of the

appeal."[1]  (Doc. 183 at 1; Docs. 182, 185.)  Upon consideration, the motion is due to be granted.  The Court further defers consideration of Sheriff Rambosk's motion for sanctions pending appeal.

Although the filing of a notice of appeal divests a district court of jurisdiction on any matter involved in the appeal, the district court retains jurisdiction to consider motions on matters that are collateral to the matters on appeal, including attorney's fees.[2]  See Briggs v. Briggs, 260 F. App'x 164, 165 (11th Cir. 2007) (citation omitted).  The Court nevertheless has discretion to deny a motion for fees without prejudice with leave to re-file after the appeal has concluded.  See Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice . . . ."); see also The Indigo Room, Inc. v. City of Fort Myers, No. 2:12-cv-39-FtM-38CM, 2014 WL

---

[1] Rule 54 of the Federal Rules of Civil Procedure provides that "[t]he clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."  Deputy Kinney and the remaining defendants filed separate proposed bills of costs.  (Docs. 177, 178.)  Mr. Pinto filed his notice of appeal and motion to stay the day after the Clerk taxed costs.  (Docs. 180, 181, 182, 183.)

As Defendants observe, the motion to stay does not include certification of good faith conferral with opposing counsel, in violation of the Local Rules.  (Doc. 186 at 1; Doc. 183.)  Although the motion will not be stricken in the interest of judicial economy, counsel is reminded to adhere to the Local Rules.

[2] In ruling on a motion to stay collateral trial court proceedings pending appeal, courts consider: (1) whether the movant is likely to prevail on the merits of its appeal; (2) whether the movant will suffer irreparable harm absent a stay or injunction; (3) whether the other party will suffer substantial harm if the stay or injunction is issued; and (4) whether the stay or injunction is in the public interest.  Allied Veterans of the World, Inc. v. Seminole Cnty., Fla., No. 6:11-cv-155-Orl-28DAB, 2011 WL 3958437, at *1 (M.D. Fla. Sept. 8, 2011) (citation omitted).

1174355, at *1 (M.D. Fla. Mar. 21, 2014) (denying motion for attorney's fees without prejudice and with leave to re-file after entry of appellate court's mandate).

Notably, courts routinely defer ruling on motions for attorney's fees and costs pending appeal in the interest of judicial economy.  See Truesdell v. Thomas, No. 5:13-cv-552-Oc-10PRL, 2016 WL 7049252, at *2 (M.D. Fla. Dec. 5, 2016) (collecting cases); Yellowpages Photos, Inc. v. YP, LLC, No. 8:17-cv-764-T-36JSS, 2020 WL 6729719, at *1–2 (M.D. Fla. Oct. 29, 2020), adopted, No. 8:17-cv-764-T-36JSS, 2020 WL 6728846 (M.D. Fla. Nov. 16, 2020).  Ruling on motions for sanctions may also be deferred pending appeal to avoid the possibility of the sanctions issues becoming moot.  See Jackson v. Hall Cnty. Gov't, Ga., 568 F. App'x 676, 680 (11th Cir. 2014). In short, given the procedural posture of the case, and the amount of fees Defendants seek (Doc. 179 at 15; Doc. 169 at 7), the Court finds that deferring ruling as to both motions is appropriate.  Upon consideration, Mr. Pinto has also shown that a stay on the execution of the bills of costs is warranted.  See Chavez v. Mercantil Commercebank, N.A., No. 10-cv-23244, 2012 WL 12861093, at *2–3 (S.D. Fla. Aug. 20, 2012) (collecting cases).

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Stay (Doc. 183) is **GRANTED** to the extent that Defendants' Motion to Determine Entitlement to Attorneys Fees (Doc. 179) is **DENIED** without prejudice and with leave to refile within fourteen days of the entry of mandate by the United States Court of Appeals for the Eleventh Circuit.

2. The execution of the bills of costs (Docs. 180, 181) is **STAYED** pending appeal, and it shall be the obligation of the parties, within fourteen days of the entry of the Eleventh Circuit's mandate, to file an appropriate motion to dissolve the stay.

3. Sheriff Rambosk's Motion for Sanctions (Doc. 169) is **DENIED** without prejudice and with leave to refile within fourteen days of the entry of the Eleventh Circuit's mandate.

**DONE AND ORDERED** this 20th day of September, 2021.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record