UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FABIANO PINTO,

  Plaintiff,

v.           Case No.: 2:19-cv-551-JLB-NPM

KEVIN RAMBOSK, MATTHEW
KINNEY, JOSHUA CAMPOLO,
ADAM DILLMAN, STEVE MAHOLTZ,
FRANK PISANO, JR., BECKI
THOMAN, JAY MULHOLLAND,
and JAMES BYERS,

  Defendants.
_____/

## ORDER

  Before the Court is Defendant Sheriff Kevin Rambosk's Renewed Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11. (Doc. 196.) Plaintiff Fabiano Pinto filed a response in opposition. (Doc. 205.) After careful review, Sheriff Rambosk's motion for sanctions is denied. Defendants' Renewed Motion to Determine Entitlement to Attorney's Fees (Doc. 197) remains pending.

## BACKGROUND

  Following his arrest, Mr. Pinto sued sheriff's deputies and other individuals, including the Sheriff of Collier County, in both their individual and official capacities. (Doc. 1.) Along with the other Defendants, Sheriff Rambosk moved to dismiss the complaint, arguing that the claims against him in his individual capacity should be dismissed because, among other reasons, there were no

allegations that he was personally involved in Mr. Pinto's arrest or subsequent prosecution.  (Doc. 61.)  The Court agreed and directed Mr. Pinto to file an amended complaint to correct this and other pleading deficiencies.  (Doc. 84 at 6.)

Mr. Pinto then filed his First Amended Complaint, adding allegations such as: "Defendant Rambosk personally directed his deputy sheriff employees to either corroborate Defendant Kinney['s] clearly false rendition of events, remain silent or feign ignorance." (Doc. 86 at 12, ¶ 64.)  Sheriff Rambosk and the other Defendants again moved to dismiss.  (Doc. 94.)  The Court granted the motions in part and directed Mr. Pinto to correct pleading deficiencies.  (Doc. 107.)  In response to the Second Amended Complaint, Sheriff Rambosk moved to dismiss only the Ninth Cause of Action and filed an Answer as to the remaining claims.  (Doc. 108; Doc. 111; Doc. 115.)  Mr. Pinto subsequently filed his Third Amended Complaint, which rendered moot motions to dismiss the Second Amended Complaint, and the Sheriff filed his Answer as to all claims.  (Doc. 119; Doc. 122; Doc. 127.)

About six months later, Sheriff Rambosk and the remaining Defendants moved for summary judgment.  (Doc. 145; Doc. 152; Doc. 153; Doc. 154.)  Summary judgment on all claims was entered in favor of Defendants.  (Doc. 175.)  Prior to the entry of summary judgment, Sheriff Rambosk moved for sanctions against Mr. Pinto under Federal Rule of Civil Procedure 11.  (Doc. 169.)  After the entry of summary judgment, all Defendants except Deputy Matthew Kinney moved to determine entitlement to attorney's fees.  (Doc. 179.)  Mr. Pinto filed a notice of appeal and moved to "stay the response to Defendants' motion for entitlement to

attorneys' fees and for execution of the taxable costs pending the outcome of the appeal." (Doc. 183 at 1; Doc. 182; Doc. 185.) The Court granted the motion to "stay" the response and further denied Sheriff Rambosk's motion for sanctions without prejudice pending the appeal. (Doc. 187.)

On appeal, the Eleventh Circuit affirmed this Court's entry of summary judgment on all counts. (Doc. 190.) Sheriff Rambosk has since refiled his motion for sanctions, essentially contending that the individual capacity claims against him were unfounded. (Doc. 196.) Mr. Pinto has responded in opposition, first arguing that the proposed motion for sanctions was improperly served under Federal Rule of Civil Procedure 5 and filed <u>after</u> the pleadings at issue were superseded. (Doc. 205 at 6–10.) Mr. Pinto also contends that, in all events, his allegations against Sheriff Rambosk were not objectively frivolous. (<u>Id.</u> at 10–14.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 11, an attorney who files a pleading in federal court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support

after a reasonable opportunity for further investigation or
discovery; and

(4) the denials of factual contentions are warranted on the
evidence or, if specifically so identified, are reasonably based
on belief or lack of information.

Fed. R. Civ. P. 11(b). Sanctions may be awarded under Rule 11: "(1) when a party

files a pleading that has no reasonable factual basis; (2) when the party files a

pleading that is based on a legal theory that has no reasonable chance of success

and that cannot be advanced as a reasonable argument to change existing law; or

(3) when the party files a pleading in bad faith for an improper purpose." Anderson

v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003) (citation omitted).

The inquiry under Rule 11 is "whether the party's claims are objectively

frivolous" and "whether the person who signed the pleadings should have been

aware that they were frivolous." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir.

1998). "Rule 11 motions . . . should not be employed . . . to test the legal sufficiency

or efficacy of allegations in the pleadings; other motions are available for those

purposes." Fed. R. Civ. P. 11, advisory committee's note (1993 Amendments);

Lawson v. Sec'y, Dep't of Corr., No. 13-12786, 2014 WL 1491862, *1 (11th Cir. Apr.

17, 2014) ("[T]he imposition of a Rule 11 sanction is not a judgment on the merits of

an action. Rather, it requires the determination of a collateral issue: whether the

attorney has abused the judicial process, and, if so, what sanction would be

appropriate." (quotation omitted)).

**DISCUSSION**

As noted, Mr. Pinto raises several independent grounds establishing that sanctions are unwarranted.  The Court will address them in turn.[1]

I.    The proposed motion for sanctions was improperly served under Federal Rule of Civil Procedure 5.

Mr. Pinto first contends that the motion for sanctions was improperly served under Federal Rule of Civil Procedure 5.  (Doc. 205 at 6–7.)  For context, it is undisputed that in July 2020 the Sheriff's counsel notified Mr. Pinto's counsel "Via Email only" that he would file the motion for sanctions unless the claims against Sheriff Rambosk in his individual capacity were withdrawn.  (Doc. 196-2 at 1.)  Mr. Pinto argues that this service by email was inconsistent with Rule 11's requirement that a motion for sanctions "must be served under Rule 5."  Fed. R. Civ. P. 11(c)(2).

Indeed, Rule 5(b) requires a paper to be served via personal service, mail, or other means consented to in writing.  See Fed. R. Civ. P. 5(b)(1), (2).  The Eleventh Circuit explains that "[u]nder Rule 5 service by email, which is an 'other electronic means' permitted by the rule, [is] appropriate if, but only if, [the recipient] expressly consented in writing to be served by email."  O'Neal Constructors, LLC v. DRT Am., LLC, 991 F.3d 1376, 1380 (11th Cir. 2021).  Tellingly, Sheriff Rambosk does not address this argument or dispute Mr. Pinto's assertion that the parties agreed to accept service via email only concerning discovery matters, not a motion

---

[1] Because the record demonstrates that sanctions are unwarranted, no hearing on the motion is necessary.  See Donaldson v. Clark, 819 F.2d 1551, 1561 (11th Cir. 1987).

for sanctions.  (See Doc. 205 at 6.)  Accordingly, absent any indication that Mr. Pinto consented in writing to service by email, the motion does not comply with Rule 11 and is procedurally deficient.  See BCJJ, LLC v. LeFevre, No. 8:09-cv-551-T-17EAJ, 2012 WL 3262866, at *2 (M.D. Fla. Aug. 8, 2012); see also Lancaster v. Harrow, No. 8:17-cv-634-T-33JSS, 2018 WL 1242239, at *2 (M.D. Fla. Mar. 9, 2018) (noting that registration for CM/ECF does not constitute consent to electronic service of motion for sanctions).

Federal Rule of Civil Procedure 5 also provides that "[a]ny paper after the complaint that is required to be served must be filed no later than a reasonable time after service," and that "if the paper is filed, a certificate of service must be filed with it or within a reasonable time after service."  Fed. R. Civ. P. 5(d)(1)(A), (B)(i). Mr. Pinto asserts that Sheriff Rambosk violated these provisions by filing the initial motion for sanctions on March 17, 2021, which was about eight months after serving it via email.  (Doc. 169.)  Sheriff Rambosk likewise fails to respond to this contention, which the Court also finds persuasive.

Either of these arguments would serve as an independent procedural basis to deny Sheriff Rambosk's motion for sanctions.  See Oshodi v. Lockheed Martin Corp., No. 1:09-CV-1341-JEC-GGB, 2011 WL 13176825, at *2 (N.D. Ga. Jan. 6, 2011), adopted, 2011 WL 13192721 (N.D. Ga. Jan. 31, 2011), aff'd, 452 F. App'x 889 (11th Cir. 2012) (collecting cases for the proposition that a failure to comply with procedural requirements of Rules 5 and 11 precludes the imposition of sanctions,

and that a failure to address a procedural challenge constitutes abandonment).  In all events, sanctions are unwarranted for additional reasons, as explained below.

## II.   The motion was improperly filed after the pleading at issue was superseded.

Mr. Pinto next contends that the motion is also procedurally defective because it was filed after the pleadings at issue were superseded by a new—and the operative—complaint.  (Doc. 205 at 7–10.)  In support, he relies on Rule 11(c)(2), which states that a motion for sanctions "must describe the specific conduct that allegedly violates Rule 11(b)."  Fed. R. Civ. P. 11(c)(2).  Rule 11(c)(2) further states that a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  Id.  Sheriff Rambosk again fails to respond to this contention, which the Court finds persuasive.

Indeed, the Eleventh Circuit has explained that "[t]he purpose of Rule 11(c)(2)'s safe harbor provision is to allow an attorney who violates Rule 11 to correct the alleged violation within twenty-one days without being subject to sanctions."  Peer v. Lewis, 606 F.3d 1306, 1315 (11th Cir. 2010) (citation omitted).  Courts have applied this rationale in finding that a motion for sanctions that challenges only a withdrawn complaint does not comply with the safe harbor provision.  For example, in Scoyoc v. City of Belleair Beach, No. 8:21-cv-1490-MSS-JSS, 2022 WL 783313, at *3 (M.D. Fla. Mar. 15, 2022), the court denied a motion for sanctions, explaining that the movant challenged only the first amended complaint,

7

which "was effectively withdrawn before and during the safe harbor period when Plaintiff made three attempts to amend the complaint." Id. The Scoyoc court further reasoned that to the extent the defendant contended the second amended complaint included "the same sanctionable allegations as the [first amended complaint]," the defendant "had ample time to serve and file a motion directed at the [second amended complaint] but failed to do so." Id.; see also Dude v. Cong. Plaza, LLC, No. 17-80522-civ, 2018 WL 4043135, at *2 (S.D. Fla. Aug. 23, 2018) (finding that Rule 11 motion should not have been filed because plaintiff "effectively withdrew the offending pleading" through voluntary dismissal before the safe harbor period expired); O'Boyle v. Sweetapple, No. 14-cv-81250-KAM, 2016 WL 9559919, at *2–3 (S.D. Fla. Feb. 22, 2016) ("If [the defendant] believed the amended complaint merited Rule 11 sanctions, he should have served a new Rule 11 motion challenging that pleading to begin a new safe-harbor period."); Lomax v. Ruvin, No. 09-23293-civ, 2011 WL 13267206, at *8 (S.D. Fla. Aug. 19, 2011), adopted, 2011 WL 13267163 (S.D. Fla. Sept. 22, 2011) ("Therefore, to the extent that [the defendant] is seeking sanctions predicated upon the Amended Complaint, his Rule 11 Motion fails to comply with the safe-harbor requirements of Rule 11 and therefore should be denied.").

Sheriff Rambosk's motion for sanctions is similarly deficient. Indeed, the motion asserts that the initial Complaint, First Amended Complaint, and Second Amended Complaint were submitted to the Court in violation of Rule 11. (Doc. 169; Doc. 196.) There is no mention of the Third Amended Complaint, which was the

operative pleading when the motion for sanctions was served, initially filed, and renewed following the appeal.  (Doc. 119; Doc. 169; Doc. 196.)  Accordingly, at the time the motion for sanctions was served, Mr. Pinto had already withdrawn the pleadings at issue by superseding them with the unchallenged Third Amended Complaint.  Thus, the motion for sanctions is due to be denied on this basis as well.

III.    The allegations against Sheriff Rambosk were not objectively frivolous.

Even assuming Sheriff Rambosk's motion for sanctions is not procedurally defective, he has nonetheless failed to demonstrate that Mr. Pinto's allegations against him warrant sanctions.  In support of his request, Sheriff Rambosk essentially contends that Mr. Pinto's attorney should have known the Sheriff had no personal involvement in Mr. Pinto's arrest and prosecution because of available discovery materials in the criminal case which, according to the Sheriff, "lack[] even a whiff of the Sheriff's personal involvement in the events complained of."  (Doc. 196 at 8.)[2]  The Sheriff, however, fails to cite any legal authority supporting this proposition.

In all events, rather than provide pinpoint citations to evidence showing that he had no personal involvement, Sheriff Rambosk relies on the absence of evidence suggesting otherwise.  But, as in other contexts, a defense attorney's motivation in a criminal action may differ from the prosecution of a civil action.  See, e.g., Baysa v.

---

[2] According to Sheriff Rambosk's counsel, prior to the First Amended Complaint, counsel called Mr. Pinto's counsel "in an effort to clarify Plaintiff's intentions on pursuing claims against the Sheriff in his individual capacity," and Mr. Pinto's counsel acknowledged that he possessed discovery materials from Mr. Pinto's criminal prosecution.  (Doc. 196 at 3.)

Gualtieri, 786 F. App'x 941, 946 (11th Cir. 2019) ("In his criminal trial, [the plaintiff] was not trying to impose liability on the Deputies but was instead trying to avoid being found guilty.  He therefore did not have every incentive to flesh out the narrative of his arrest with details that might be useful in a civil trial against the Deputies.").  And Sheriff Rambosk offers no evidence suggesting that the absence of documentation as to his personal involvement in this—or any—case conclusively shows that he was not involved.  Accordingly, his reliance on the availability of the criminal discovery materials is unpersuasive.

Moreover, Sheriff Rambosk does not support or explain the significance of his assertion that "it is common for Plaintiffs in these types of cases to request the deposition of the sheriff overseeing the agency which employs defendant deputies." (Doc. 196 at 9.)  Assuming the Sheriff is correct that courts commonly grant protective orders to prevent such depositions because of "the potential for litigation abuses . . . against high ranking government officials," that says nothing about whether Mr. Pinto's allegations had a reasonable factual basis.  (Id.)[3]

At bottom, Sheriff Rambosk has failed to establish that Mr. Pinto's claims were "objectively frivolous," or that Mr. Pinto or his attorney "should have been aware that they were frivolous."  Baker, 158 F.3d at 524.  Notably, despite providing the Court more than one-hundred pages of exhibits, Sheriff Rambosk does

___

[3] The assigned Magistrate Judge in this action determined that the Sheriff was "entitled to a protective order precluding his deposition at this time." (Doc. 133 at 8.)  Mr. Pinto did not pursue the matter and did not challenge the Magistrate Judge's non-dispositive pretrial order.  See Fed. R. Civ. P. 72(a).

not pinpoint cite any record evidence expressly refuting Mr. Pinto's allegations of personal involvement, and it is not the role of the Court to find such supporting evidence.  See United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").  Nor has there been a showing of "deliberate indifference to obvious facts."  Baker, 158 F.3d at 524.

Notably, Sheriff Rambosk was the supervisor in the Collier County Sheriff's Office, and he could have plausibly been in a position to have engaged in the conduct alleged.  And the Court did determine that Mr. Pinto adequately pleaded claims against the Sheriff in his individual capacity.  (See, e.g., Doc. 107.)  These allegations included that Sheriff Rambosk implemented policies that resulted in the violation of rights and exhibited deliberate indifference to such violations, including the decision to permit deputies to provide additional security at shopping centers.

(Doc. 119 at 13, ¶¶ 69, 123; Doc. 145-5 at 1–2.)[4]  The fact that discovery did not

ultimately support these allegations is not dispositive.[5]

       In sum, a review of the record demonstrates that Mr. Pinto raised individual

capacity claims against Sheriff Rambosk that were not objectively frivolous,

although the evidence and law ultimately did not support them.  In all events, there

is no indication the person who signed the pleadings should have been aware any

claims were frivolous.  Indeed, this Court "is expected to avoid using the wisdom of

---

     [4] "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Keith v. DeKalb Cnty., 749 F.3d 1034, 1047–48 (11th Cir. 2014) (citation omitted). Rather, a plaintiff must show that "the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." Id.  A plaintiff may establish a causal connection by showing that: (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so"; (2) "the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights"; or (3) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Hendrix v. Tucker, 535 F. App'x 803, 805 (11th Cir. 2013) (citation omitted).

     [5] Although Sheriff Rambosk asserts that "the United States Supreme Court expressly rejected the contention that conclusory allegations devoid of a factual basis can and should be resolved after discovery is conducted," as noted, the Court found Mr. Pinto's allegations sufficient to withstand a motion to dismiss.  (Doc. 196 at 8.)  Further, as Mr. Pinto notes, the Eleventh Circuit has reversed the dismissal of claims against a sheriff where "[a]t the stage in the litigation at which [the] Sheriff . . . was dismissed, i.e., prior to discovery, it is impossible to say whether [he] played a role in demanding the court orders as a condition of obtaining medical care." Ancata v. Prison Health Services, Inc., 769 F.2d 700, 706 (11th Cir. 1985). The Eleventh Circuit explained that if the sheriff "established or utilized a policy or custom . . . then he would be liable if the result of that policy or custom played a role in any deliberate indifference," and that if "the sheriff was personally involved in the acts depriving [an individual] of his constitutional rights, or that he breached a duty imposed by state law and that that breach caused the plaintiff's injury, then he would be fully responsible for his own actions and/or policies." Id.

hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Peer, 606 F.3d at 1311.

## CONCLUSION

Accordingly, Sheriff Rambosk's Renewed Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Doc. 196) is **DENIED**.  Defendants' Renewed Motion to Determine Entitlement to Attorney's Fees (Doc. 197) remains pending.

**ORDERED** at Fort Myers, Florida on October 13, 2022.

_____

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE